B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Wigberto Lugo Mender, Esq., trustee for the Estate of Manuel A. Domenech Rodriguez | Ruth E. Rodriguez Borges |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Rafael E. Silva-Almeyda, Esq., Rafael V. Olivieri-Geigel, Esq., Rene Arrillaga Armendariz, Esq. Arrillaga & Arrillaga, Ave Hostos #430, Hato Rey PR 00918 (787) 274-1147 silva.almeyda.law@gmail.com, lawrng@gmail.com, arrillagalaw@gmail.com | LUIS A MELENDEZ ALBIZU 117 DE DIEGO AVE., URB. SAN FRANCISCO SAN JUAN, PR 00927-6310, Tel.(787) 758-1549 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for the turnover of property of the estate, consisting of two hundred five thousand dollars ($205,000.00) owed by Defendant on account of settlement agreement concerning liquidation and division of conjugal partnership.  11 USC § 363, 11 USC § 542, 11 USC § 541, FRBP 7001(1), FRBP 7064

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**
- ☑ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $205,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Manuel A. Domenech Rodriguez | BANKRUPTCY CASE NO.<br>10-05835 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE<br>San Juan | NAME OF JUDGE<br>Brian K. Tester |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>August 9th, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Rafael E. Silva Almeyda, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br>**MANUEL ANTONIO DOMENECH RODRIGUEZ**<br>**DEBTOR** | **CASE No. 10-05835 (BKT)**<br><br>**CHAPTER 7** |
| **WIGBERTO LUGO MENDER**, TRUSTEE FOR THE ESTATE OF MANUEL ANTONIO DOMENECH RODRIGUEZ<br>**PLAINTIFF**<br><br>v.<br><br>**RUTH E. RODRIGUEZ BORGES**<br>**DEFENDANT** | **ADV. NO.**<br><br>**COMPLAINT TO OBTAIN THE TURNOVER OF PROPERTY OF THE ESTATE** |

## COMPLAINT
## FOR TURNOVER OF PROPERTY OF THE ESTATE

**TO THE HONORABLE COURT**:

COMES NOW, Wigberto Lugo Mender, Esq. as Chapter 7 Trustee for the Estate of Manuel A. Domenech Rodríguez, and who through his undersigned attorney, respectfully **ALLEGES**, **STATES** and **PRAYS** as follows:

### I. JURISDICTION AND VENUE

1. This proceeding arises under Sections 363 and 542 of Title 11 of the United States Code, 11 USC §101, et seq. (the "Bankruptcy Code").

2. This Honorable Court has jurisdiction over this case pursuant to 28 USC §157(a), (b), 1334 (b) and the General Referral Order of the United States District Court for the District of Puerto Rico, date July 19th, 1984.

3. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure ("FRBP") and is a core proceeding pursuant to 28 USC §157.

4. The Bankruptcy Court for the District of Puerto Rico has venue over this matter in accordance with 28 U.S.C. §1409(a).

## II. THE PARTIES

5. **Plaintiff Wigberto Lugo Mender, Esq.** is the duly appointed Chapter 7 Trustee for the estate of Manuel A. Domenech Rodríguez (hereinafter "Debtor"), a citizen of the United States, with residence and mailing address at Apt. 14-D Condominio El Paraíso II, #1560 Paraná Street, San Juan, Puerto Rico, 00926. Hereby Plaintiff and Trustee Wigberto Lugo Mender, Esq. has his main offices located at *Lugo Mender & Co.*, Centro Internacional de Mercadeo, Carr. 165, Torre 1, Suite 501, Guaynabo, Puerto Rico, 00968. This party has standing to appear as Plaintiff pursuant to 11 U.S.C. §323.

6. **Defendant Ruth E. Rodríguez Borges**, is herein Debtor Manuel A. Domenech Rodríguez' former spouse, as well as a Creditor in the present Chapter 7 proceeding, and citizen of the United States, with residence and mailing address at #1670 Verbena St., Urbanización San Francisco, San Juan, Puerto Rico, 00927.

## III. GENERAL ALLEGATIONS

7. That on June 20th 2010, Debtor Manuel A. Domenech Rodríguez (hereinafter "Debtor"), filed before this Honorable Court a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C.A. §701, et. seq. [Docket 1].

8.  Subsequently, hereby Plaintiff Wigberto Lugo Mender, Esq. was appointed as the Chapter 7 Trustee for the present case on July 1st 2010, in charge of liquidating Debtor's estate and it's nonexempt assets, due to be gathered, sold, and/or distributed for the pending payment to all holders of secured and unsecured claims against said estate, pursuant to 11 U.S.C. §363. [Docket 5].

9.  That a review of the files and documentation related to the present bankruptcy case has revealed a significant debt is still pending and owed by Defendant Ruth E. Rodríguez Borges to Debtor Manuel A. Domenech Rodríguez' estate for the total sum of **two hundred five thousand dollars ($205,000.00)**, on account of settlement agreements subscribed between Debtor and herein Defendant in 2002 concerning the liquidation of their conjugal partnership upon their divorce, as further detailed as follows-

10. Defendant Ruth E. Rodríguez Borges filed a petition for Divorce with the Puerto Rico State Court against herein Debtor Manuel A. Domenech Rodríguez on October 3rd 2000.

11. Judgment was subsequently reached through Sentence issued by the State Court on December 21st 2000, granting the Divorce and further imposing provisional child support to be paid by Debtor in favor of their daughter. See, Attachment 1.

12. Issues concerning the exact amount to be paid and/or allegedly owed as child support have been raised by both parties and are yet to be resolved by the State Court. A *Proof of Claim* was filed by Defendant Ruth E. Rodríguez Borges in the present bankruptcy case on July 27th 2010 requesting dischargeability and payment of domestic support, under 11 USC §523(a)(5) and 11 USC §507(a)(1).

3

[Claim 1].   Such Claim is unrelated to the issues pertaining to the present Complaint.

13. Upon their divorce and after numerous efforts to liquidate the conjugal partnership had between them, Debtor Manuel A. Domenech Rodríguez and Defendant Ruth E. Rodríguez Borges were finally able to reach an agreement by subscribing "*Contrato de Obligación de Liquidación de Gananciales*" on June 13th 2002. It was therein settled the manner in which the community properties and debts pertaining to their conjugal partnership would be ultimately liquidated and divided between them. See, Attachment 2.

14. That being said, Debtor Manuel A. Domenech Rodríguez and Defendant Ruth E. Rodríguez Borges *fully* accomplished the process of liquidating and dividing their assets and real properties on November 25th 2002, through the issuance of Public Deed No. 303, "*Liquidación de Gananciales, Adjudicación y Modificación de Hipoteca*". See, Attachment 3.

15. It was therein established that both Debtor and Defendant would have rights to a fifty percent (50%) participation over each of two residential properties belonging to their conjugal partnership; one located at Palmas del Mar, in Humacao, and the other located at Urbanización San Francisco, in Río Piedras.

16. The latter, while affected by **two mortgages**, gave a calculated net worth of five hundred fifty five thousand dollars ($555,000.00), the fifty percent (50%) of which being two hundred seventy seven thousand five hundred dollars ($277,500.000).

17. It was decided that such residential property located at Urbanización San Francisco in Río Piedras, was to be awarded to herein Defendant Ruth E. Rodríguez Borges. See, Attachment 3.

4

18. By assuming the existing mortgages, Defendant agreed to modify and hand over both promissory notes, each for a value of one hundred two thousand five hundred dollars ($102,500.00), to herein Debtor Manuel A. Domenech Rodríguez as guarantee of payment of his participation over such property, ascending to a total amount of **two hundred five thousand dollars ($205,000.00)**, agreed by Defendant herself through Public Deed No. 303, executed on November 25th 2002. See, Attachment 3.

19. However, to this day, Defendant Ruth E. Rodríguez Borges has not complied with her obligation of paying herein Debtor Manuel A. Domenech Rodríguez the amount owed to him as participation over the residential property located at Urbanización San Francisco, which has been under Defendant's property and possession since 2002.

## IV. CLAIM FOR RELIEF

### Turnover of Property - 11 U.S.C. § 542

20. Paragraphs numbers 1 through 19 are restated as if literally transcribed herein.

21. Plaintiff Wigberto Lugo Mender, Esq., as duly appointed Trustee for the case at hand, hereby seeks to file action for the recovery of money presently owed to Debtor's bankruptcy estate by herein Defendant Ruth E. Rodríguez Borges, as representative of the estate and sole party of interest for this case under 11 USCS §323 and Federal Rule of Bankruptcy Procedure 7001(1).

22. Section 542 of the Bankruptcy Code provides for the turnover of property by those parties who are in its possession, control or custody, and further disposes that "an entity that owes a debt that is property of the estate and that is **matured,**

5

**payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee**, except to the extent that such debt may be offset under section 553 of this title, against a claim against the debtor" See, 11 USCS §542(b) (Emphasis supplied).

23. As Chapter 7 Trustee for the estate pertaining to the above-captioned case, hereby Plaintiff Wigberto Lugo Mender, Esq. has the authority to recollect and the entitlement to use all sums owed to herein Debtor Manuel A. Domenech Rodríguez' estate at the time of filing of the present bankruptcy petition, in order to subsequently follow through with the pending payment to all holders of secured and unsecured claims against said estate, pursuant to 11 U.S.C. §363.

24. Furthermore, hereby Plaintiff and Trustee Wigberto Lugo Mender, Esq., under the Bankruptcy Code, has capacity to sue and be sued as a party of interest over the estate pertaining to the above-captioned case. See, 11 USCS §323(b). Federal Rule for Bankruptcy Procedure 6009 provides that [w]ith or without court approval, the trustee [...] may prosecute or may enter an appearance and defend **any pending action or proceeding** by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." (Emphasis supplied).

25. In actions brought forth by the Trustee against parties who are claimed to possess property or owe money to the estate, the Trustee serves as a successor to the Debtor's interest under section 541 of the Bankruptcy Code; as such "the Trustee stands in the shoes of the Debtor and can only assert those causes of action possessed by the Debtor. [Conversely,] the Trustee is, of course, subject to the same defenses as could have been asserted by the Defendant had the

6

action been instituted by the Debtor." See, <u>Hays & Co. v. Merrill Lynch, Pierce,</u>

<u>Fenner & Smith, Inc.,</u> 885 F.2d 1149 (1989); *Collier on Bankruptcy*, §323.02[4].

26.     More so, property which the Chapter 7 Trustee has the authority to recollect,

use, or exercise in benefit of expanding the bankruptcy estate's assets for further

payment of creditors, include all of Debtor's legal and equitable interests in

property as of the commencement of the case, which would include secured

interests over real property as guarantee for money owed to him. See, 11 USCA

§541; *Collier on Bankruptcy*, 323.02 [1].

27. That said, herein Defendant Ruth E. Rodríguez Borges currently owes the total

amount of **two hundred five thousand dollars ($205,000.00)** to herein Debtor

Manuel A. Domenech Rodríguez' bankruptcy estate, as fifty percent (50%) of the

agreed upon participation over the residential property located at Urbanización

San Francisco, awarded to Defendant on 2002.   Said amount undoubtedly

consists of a matured debt, therefore payable on demand.

28. Pursuant to Section 542 of the Bankruptcy Code, the amount claimed in the

present Complaint is property of value to the estate, and as such should be

recovered by hereby Plaintiff and Trustee Wigberto Lugo Mender, Esq., as he is

entitled to the use of this property and these funds, to be available for further

distribution among all creditors in this case.   Therefore, this Honorable Court

should order any and all amounts owed by herein Defendant to be turned over

immediately to the present bankruptcy estate pursuant to 11 U.S.C. §542.

29. Furthermore, hereby Plaintiff Wigberto Lugo Mender, Esq., as Chapter 7

Trustee for the bankruptcy estate of reference, is entitled to exercise all

causes of actions or proceedings and request all remedies that could have

otherwise been followed through by herein Debtor Manuel A. Domenech Rodríguez at the moment of filing of the present petition.

30. For which reason, it is herein informed to this Honorable Court hereby Plaintiff's intent on taking steps to secure such debt through the execution of both promissory notes of reference, firstly by requesting order from this Honorable Court to seize the property located at Urbanización San Francisco, and if necessary, eventually requesting order to proceed with the Public Sale of such property for the recovery of moneys owed to the estate by Defendant.

## V. PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested from this Honorable Court to enter Judgment for Plaintiff and Trustee Wigberto Lugo Mender, Esq. and against herein Defendant Ruth E. Rodríguez Borges, providing as follows:

A. Ordering Defendant Ruth E. Rodríguez Borges to turnover property of the present bankruptcy estate by paying hereby Plaintiff and Trustee the total amount of **two hundred five thousand dollars ($205,000.00)** as money owed for herein Debtor's participation over Defendant's residential property, as agreed under Public Deed No. 303, and pursuant to 11 USCS §542(b);

B. Imposing such other remedy as may be deemed just, proper and appropriate in equity by this Honorable Court;

C. Imposing litigation costs, expenses and attorney's fees on herein Defendant, in favor of hereby Plaintiff.

8

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 9th day of August of 2011.

***ARRILLAGA & ARRILLAGA***
Ave. Hostos #430- Altos
Hato Rey, P.R. 00918
Tel. (787) 763-7663 / 274-1147
Fax (787)754-1644 / 763-7622

**s/Rafael E. Silva Almeyda, Esq.**
USDC-PR-206901
E-mail: silva.almeyda.law@gmail.com

**s/Rene Arrillaga Armendariz, Esq.**
USDC-PR-211403
E-mail: arrillagalaw@yahoo.com

**s/Rafael V. Olivieri-Geigel, Esq.**
USDC-PR 226712
E-mail: lawrog@gmail.com

Case:11-00168-BKT   Doc#:1   Filed:08/10/11   Entered:08/10/11 11:04:50   Desc: Main
Document   Page 12 of 28
ATTACHMENT 1

Case 10-05835-BKT7   Claim 1-1 Part 2   Filed 07/27/10   Desc Exhibit Exh. 1 - State
Court Judgment establishing child support obligation   Page 1 of 1

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| RUTH E RODRIGUEZ BORGES<br>DEMANDANTE | CIVIL NÚM.  K DI 2000-2183 |
| VS | SOBRE:<br>DIVORCIO (T.C.) |
| MANUEL A DOMENECH RODRIGUEZ<br>DEMANDADO | SALA: 701 |

## SENTENCIA

Al juicio en su fondo señalado en el caso de epígrafe, compareció la demandante representada por el licenciado Luis A. Arrufat Pimentel. El demandado compareció representado por el licenciado José Brenes.

Previa juramentación de las partes y en conformidad al testimonio ofrecido, se procedió a la vista del caso, quedando sometido para dictamen.

Las partes contrajeron matrimonio el día 4 de mayo de 1984, en Río Piedras, Puerto Rico según consta inscrito en el certificado de matrimonio número 152-1984-01102-009616-001200 unido al expediente.

A base de un análisis de dicha prueba y de conformidad con las disposiciones de los Artículos 96 y 97 del Código Civil de Puerto Rico, 1930, (31 L.P.R.A., Secciones 321 y 331), el Tribunal declara **HA LUGAR** la demanda de divorcio presentada y en su consecuencia decreta roto y disuelto el vínculo matrimonial existente entre las partes por la causal de **TRATO CRUEL.**

Durante el matrimonio las partes procrearon una (1) hija. La demandante tendrá la custodia y patria potestad de la menor. Se establece una pensión alimentaria provisional en $1,500.00 mensuales, se aumentará la pensión a $2,000.00 mensuales al venderse una de las propiedades.

Las relaciones paterno filiales serán en fines de semanas alternos, de viernes a las 6:00 de la tarde a domingo a las 6:00 de la tarde.

**REGÍSTRESE Y NOTIFÍQUESE.**

En San Juan, Puerto Rico a 21 de diciembre del 2000.

**AUREA TORRES HERNANDEZ
JUEZ SUPERIOR**

CARMEN L. LÓPEZ CRUZ

CERTIFICO
SECRETARIA GENERAL
JOSEPHINE CRUZ
Secretaria Auxiliar
POR: SECRETARIA AUXILIAR



-----------------NÚMERO TRESCIENTOS TRES-------------

-------LIQUIDACIÓN DE GANANCIALES, ADJUDICACIÓN Y------
-------------------MODIFICACIÓN DE HIPOTECA-------------

---En la Ciudad de San Juan, Puerto Rico, a veinticinco (25) de

noviembre de dos mil dos (2002).--------------

-----------------------ANTE MI-----------------

---LUIS A. ARRUFAT PIMENTEL, Abogado y Notario Público del

Estado Libre Asociado de Puerto Rico, con estudio abierto en

San Juan y residencia en Guaynabo, Puerto Rico.-------------

------------------------COMPARECEN------------------

---DE LA PRIMERA PARTE: DON MANUEL ANTONIO

DOMENECH RODRÍGUEZ, seguro social número ████-3000,

mayor de edad, soltero, propietario y vecino de Carolina, Puerto

Rico, a quien conozco personalmente.-------------

---DE LA SEGUNDA PARTE: DOÑA RUTH ESTHER RODRÍGUEZ

BORGES, seguro social número ████-9993, mayor de edad,

soltera, empleada y vecina de San Juan, Puerto Rico, a quien

conozco personalmente.-------------

------------------------DOY FE------------------

---Del conocimiento personal de los comparecientes, así como

por sus dichos, de su edad, estado civil, profesión y vecindad.

Me aseguran tener y a mi juicio tienen la capacidad legal

necesaria para este otorgamiento y en tal virtud libremente.------

------------------------EXPONEN------------------

---PRIMERO: Que los comparecientes en el caso civil número

(KDI-2000-2183), del Tribunal de Primera Instancia Sala

Superior de San Juan, obtuvieron sentencia de divorcio, la cual

es final y firme y se hace formar parte de la presente escritura.---

---SEGUNDO: Que los comparecientes son dueños en común

1

pro-indiviso, de las siguientes propiedades:--------------------------

—(A) URBANA: Solar radicado en el Reparto San Francisco del Barrio Monacillos de Río Piedras que se marca con el número dieciséis (16) en el Bloque "G" del plano de inscripción, con una cabida superficial de mil quinientos cuarenta y seis punto ochenta y dos metros cuadrados (1,546.82 m/c), colindante por el ESTE, su frente en una distancia de treinta y ocho punto setenta y tres metros con la calle "B", por el OESTE, su fondo, en una distancia de cuarenta y siete metros con los solares número dos y tres del bloque "G", del plano de inscripción propiedad de Sein Realty Company Incorporado; por el NORTE, su derecha entrando, en una distancia de cuarenta y siete punto ochenta y cinco metros, con el solar número quince del bloque "G" del plano de inscripción, propiedad de Sein Realty Company Incorporado y por el OESTE, su izquierda entrando en una distancia de veintinueve punto catorce metros, con el solar número uno del bloque "G" del plano de inscripción propiedad de Sein Realty Corp., Inc.-----------------------------------------

—Inscrita al folio setenta y ocho (78) del tomo cuatrocientos ochenta y cuatro (484) de Monacillos, Registro de la Propiedad de San Juan, Sección Tercera, finca dieciseite mil setecientos cincuenta y siete (17,757).-----------------------------------------

—Dicha propiedad se encuentra afecta a hipoteca a favor de H.F. Inc., o a su orden, por la suma de ciento veinticinco mil dólares ($125,000.00) al nueve y medio por ciento (9½) de interés anual con vencimiento al primero de diciembre de dos mil cuatro (2004), según surge de la escritura seiscientos cincuenta y uno (651), otorgada el dieciocho de noviembre de mil novecientos setenta y cuatro (1974) ante el Notario Público Miguel García Suárez. Inscrita al folio 83 vto., del tomo 484 de Monacillos.----

---Se encuentra afecta a hipoteca por la suma de ciento veinticinco mil dólares ($125,000.00) a favor del Portador, o a su orden, al ocho por ciento (8%) de interés anual, con vencimiento a su presentación, según surge de la escritura número treinta (30), otorgada en San Juan, Puerto Rico, el treinta (30) de octubre de mil novecientos setenta y ocho (1978), ante el Notario Público Angel M. Castillo. Inscrita al folio 1vto., del tomo 716 de Monacillos.-----------------------------------------

2




---Ambas hipotecas tienen un balance de principal por la suma de doscientos cinco mil dólares ($205,000.00).-------------------

---Se valora esta propiedad en la suma de setecientos sesenta mil dólares ($760,000.00), restado el balance de las hipotecas, su valor neto asciende a la suma de quinientos cincuenta y cinco mil dólares ($555,000.00).-----------------------------------

---B: URBAN: Horizontal Property: Fairway Courts Condominium: Apartment 878: Rectangular shaped three bedroom unit in the Fairway Courts Condominium Regimen, located at Candelero Abajo Ward of the Municipality of Humacao, with a total construction area of three thousand twenty seven point forty nine square feet, equivalent to two hundred eighty one point twenty four square meters, distributed in one thousand eight hundred fifty five point fifty two square feet, equivalent to one hundred seventy two point thirty seven square meters of enclosed area and one thousand one hundred seventy one point ninety one square feet, equivalent to one hundred eight point eighty seven square meters of terraces. The main entrance is located of the South side of the apartment leading directly to the exterior of the building. This apartment is located in Building three of the Regimen, occupies part of the second and third level of the building and has been assigned a share of one point five thousand two hundred forty six per cent in the Common Elements of the Regime. The maximum length of this unit is fifty feet six inches and the maximum width is thirty-six feet six inches. It's boundaries area: By the North, in a distance of thirty-six feet six inches with the common exterior areas, by the South, in the distance of thirty-six feet  six inches with the common exterior areas; by the West, in a distance of forty four feet six inches with the common wall that separates it from apartment number 874 and the common exterior areas; by the East, in a distance of thirty nine feet eleven inches with the common wall that separated it from apartment eight hundred eighty two, on its first level this unit contains a foyer a living room a dining room, a kitchen,  two bedrooms, each one with a closet, a bathroom, a hall, a laundry closet, three storage closet and a covered terrace.  From the hall internal stairway leads to the upper level to a hall with a kitchenette, to a master bedroom with walking closet, to a bathroom, two covered terrace and to an open terrace with a Jacuzzi----------------------------------------

---Le corresponde derecho al uso de espacios de estacionamientos en cualquier espacio disponible dentro del área de estacionamiento.  Le corresponde una participación en los elementos comunes de uno punto quinientos veinticuatro seis por ciento.-----------------------------------------------------

---Se encuentra afecta la antes descrita propiedad a hipoteca por la suma de doscientos dos mil trescientos dólares ($202,300.00)





3

al ocho por ciento (8%) de interés anual, con vencimiento al primero (1°) de diciembre de dos mil siete (2007), según surge de la escritura novecientos dos (902), otorgada en San Juan, Puerto Rico, ante el Notario Público Frank Quiñones Vigo.  Inscrita al folio 275 del tomo 488 de Humacao.------------------------------------

---Dicha hipoteca se encuentra satisfecha en su totalidad y pendiente de su cancelación ante el Registro de la Propiedad correspondiente.----------------------------------------------------

—Se valora esta propiedad en la suma de trescientos cincuenta mil dólares ($350,000.00).---------------------------------------

--------------------------LIQUIDACIÓN---------------------------

---TERCERO: Los comparecientes en este acto se adjudican su participación ascendente a un cincuenta por ciento (50%) cada uno, en cada una de las propiedades antes descritas.--------------

---CUARTO: Cada uno de los comparecientes se adjudica un cincuenta por ciento (50%) en la propiedad descrita en el acápite PRIMERO "A", en un valor neto para cada uno de por la suma de doscientos setenta y siete mil quinientos dólares ($277,500.00).

—QUINTO:  Cada uno de los comparecientes se adjudica un cincuenta por ciento (50%) en la propiedad descrita en el acápite PRIMERO "B", en un valor neto para cada uno de por la suma de ciento setenta y cinco mil dólares ($175,000.00). --------------------

-------------------------ADJUDICACIÓN--------------------------

—UNO: Que los comparecientes habiendo liquidado la Sociedad de Gananciales en el inciso anterior de la presente escritura, en este acto, se adjudican y así solicitan del Honorable Registrador de la Propiedad, en las Secciones correspondientes, las siguientes adjudicaciones:------------------------------------------





4

---A: Se adjudica el bien descrito en el inciso Primero "A" a la compareciente de la Segunda Parte, teniendo esta un valor neto en la suma de quinientos cincuenta y cinco mil dólares, asumiendo así el balance sobre las hipotecas que grava la misma, ascendente a doscientos cinco mil dólares ($205,000.00).--------------------------------------------------

---B: Se adjudica el bien descrito en el inciso Primero "B" al compareciente de la Primera Parte, teniendo esta un valor neto en la suma de trescientos cincuenta mil dólares ($350,000.00). Asumiendo éste todas las deudas que pudieran existir al presente sobre cuotas de mantenimiento, servicio de energía eléctrica de dicha propiedad.--------------------------------------------

---DOS: El compareciente de la Primera Parte asume todo pago de contribuciones adeudadas sobre las propiedades aquí descritas hasta el día del otorgamiento de la presente escritura, así cada parte asumirá el pago de cualesquiera contribuciones sobre la propiedad adjudicada a cada uno a partir del otorgamiento de esta escritura.------------------------------------

---TRES: El compareciente de la Primera Parte en este acto ratifica que asume el balance de una cuenta personal con el Banco Popular de Puerto Rico, con la cuenta número 604, con balance aproximadamente de ciento diez mil dólares ($110,000.00).------------------------------------------------

---CUATRO: El compareciente de la Primera Parte asume todos los gastos y honorarios de abogado relacionados al otorgamiento de la presente escritura.----------------------------------------------

--------------------------------------------------------------------

--------------------------------------------------------------------





5

--------------------MODIFICACIÓN DE HIPOTECA----------------

—PRIMERA: La compareciente de la segunda parte en este acto, habiéndose adjudicado la propiedad inmueble descrita en el inciso Primero "A", y estando gravada la misma por dos hipotecas aquí descritas anteriormente, en este acto modifica el pagaré hipotecario en su principal, cada una en la suma de ciento dos mil quinientos dólares ($102,500.00) sin intereses y con vencimiento de veinticuatro (24) meses a partir del otorgamiento de la presente escritura.----------------------------

---Estos pagarés están siendo entregados en este acto al compareciente de la primera parte como balance de su participación en las adjudicaciones de los bienes inmuebles.------

---A los efectos aquí consignados quedan enmendados los pagarés hipotecarios como las hipotecas que los garantiza de los gravámenes que pesan sobre la propiedad descrita en el inciso Primero "A". Todas las demás condiciones de los pagarés y las hipotecas relacionadas quedan en todo vigor y efecto sin cambio de naturaleza alguna.---------------------------------------------

---SEGUNDA: Las partes comparecientes entran en la inmediata posesión de los inmuebles que adquiere cada uno a título de dueño.----------------------------------------------------------

--------------------------ACEPTACIÓN----------------------------

---Los comparecientes aceptan esta escritura en todas sus partes tal y cual ha quedado redactada por estar conforme a lo convenido y actuado.---------------------------------------

-----------------ADVERTENCIAS Y OTORGAMIENTO----------------

---Los comparecientes aceptan la presente escritura en todas sus partes tal y cual ha quedado redactada por estar conforme a lo



6

convenido y actuado.------------------------------------------------------

---Así lo dicen y otorgan ante mí.----------------------------------------

-------------------------------LECTURA-----------------------------------

---Leída esta escritura por los otorgantes, se ratifican en su contenido y la firman, estampando sus iniciales en todos los folios de la misma, de todo lo cual, así como todo cuanto queda consignado en este instrumento público, Yo, el notario, DOY FE.-----------------------------------------------------------------------

---Así lo dicen  y otorgan ante mí, el Notario, luego de haber renunciado al derecho que les hice saber tenían para requerir la presencia de testigos instrumentales.----------------------------------

---Hechas por mí, el Notario, las advertencias legales pertinentes y leída esta escritura por los otorgantes, la firman conmigo habiendo puesto sus iniciales en todos y cada uno de los folios de este documento.  De todo lo consignado en esta escritura, yo el NOTARIO, DOY FE.----------------------------------------------

7

ATTACHMENT 2

CONTRATO DE OBLIGACIÓN DE LIQUIDACIÓN DE GANANCIALES

En San Juan, Puerto Rico, a 13 de junio de 2002.

COMPARECEN

---DE LA PRIMERA PARTE: RUTH ESTHER RODRÍGUEZ BORGES, seguro social número        9993, mayor de edad, soltera, ama de casa y vecina de San Juan, Puerto Rico, a quien conozco personalmente.------------------------------------

---DE LA SEGUNDA PARTE: MANUEL A. DOMENECH RODRÍGUEZ, seguro social número        3000, mayor de edad, soltero, propietario y vecino de San Juan, Puerto Rico, a quien conozco personalmente.------------------------------------------

Teniendo la capacidad legal necesaria para el presente otorgamiento, por lo que, libre y voluntariamente: -------------------------------------------------------------

----------------------------------EXPONEN-----------------------------------------

PRIMERO: Que los comparecientes son dueños en común pro-indiviso de las siguientes propiedades inmuebles:---------------------------------------------------

---(a) Apartamento ubicado en un Complejo de Palmas del Mar, Fairway Courts Condominium, Apartamento 878, inscrito al folio 275, tomo 488 de Humacao, finca 22,273.------------------------------------------------------------------------

---(b) Casa residencial en la Urbanización San Francisco, Barrio Monacillos de Río Piedras, Bloque G #16, inscrita al folio 81, tomo 484 de Monacillos, finca 16,757, Sección Tercera de San Juan.-----------------------------------------------------------

---SEGUNDO: Que los comparecientes tienen deudas gananciales por concepto de cuotas de mantenimiento del complejo Palmas del Mar, desconociéndose su balance en la actualidad; contribuciones sobre la propiedad residencial descrita en el inciso primero, cuota de mantenimiento del complejo Fairway Court, desconociéndose su balance y deuda por concepto de servicios de agua del inmueble descrito en el inciso primero.-----------------------------------------------

---TERCERO: Las partes obtuvieron sentencia de divorcio, el 21 de diciembre de 2000, bajo el caso civil KDI 2000-2183, ante el Tribunal Superior - Sala de San Juan, siendo la misma final y firme al presente.------------------------------------------

---CUARTO: Los comparecientes mediante el presente documento han acordado liquidar la sociedad de gananciales y así obligarse a comparecer en escritura




pública en o antes de 15 días desde la firma del presente documento.------------------

---QUINTO:  La compareciente de la primera parte se adjudicará la propiedad residencial descrita en el inciso primero (b), libre de cargas y gravámenes, con excepción de la obligación que en el presente documento se identificará.--------------

---SEXTO: El compareciente de la segunda parte se adjudicará la propiedad descrita en el inciso primero (a) libre de gravámenes.------------------------------------

---SÉPTIMO: El compareciente de la segunda parte asumirá todos los gravámenes descrito en el inciso segundo del presente documento.--------------------------------

---OCTAVO: Las partes poseen una línea de crédito en el Banco Popular de P.R., bajo la cuenta número         -604 con balance en o alrededor de $100,000.00; el compareciente de la segunda parte se obliga a asumir dicho balance en su totalidad y así relevar de toda responsabilidad sobre el mismo a la compareciente de la primera parte.------------------------------------------------------------------

---NOVENO: La compareciente de la primera parte al otorgar la correspondiente escritura de liquidación y adjudicación de la sociedad legal de gananciales se obliga a gravar la propiedad, adjudicada a ésta por la suma de $205,000.00 sin intereses y con vencimiento a 24 meses a favor del Sr. Manuel Domenech, esto como diferencia en valores sobre los bienes aquí descritos.----------------------------

---DÉCIMO: El compareciente de la segunda parte, se obliga y se compromete a satisfacer los gastos y honorarios de abogado de la escritura de liquidación y adjudicación entre las partes.-------------------------------------------------------------

-----------------------------------------ACEPTACION--------------------------------

---Las partes comparecientes aceptan el presente contrato en todas sus partes por estar conformes de todo en cuanto a su contenido.--------------------------------------

_____        _____
RUTH ESTHER RODRÍGUEZ BORGES        MANUEL A. DOMENECH RODRÍGUEZ

Juramento Núm. 14,729

    Reconocido y suscrito ante mí por Ruth Esther Rodríguez Borges y Manuel A. Domenech Rodríguez de las circunstancias antes expresadas.
    En San Juan, Puerto Rico, a 12 de junio de 2002.

_____
NOTARIO PÚBLICO

Anejo 2

---------------------NÚMERO TRESCIENTOS TRES---------------

--------LIQUIDACIÓN DE GANANCIALES, ADJUDICACIÓN Y------

---------------MODIFICACIÓN DE HIPOTECA------------------

---En la Ciudad de San Juan, Puerto Rico, a veinticinco (25) de

noviembre de dos mil dos (2002).------------------------------

------------------------------ANTE MI------------------

---LUIS A. ARRUFAT PIMENTEL, Abogado y Notario Público del

Estado Libre Asociado de Puerto Rico, con estudio abierto en

San Juan y residencia en Guaynabo, Puerto Rico.------------------

------------------------------COMPARECEN----------------

---DE LA PRIMERA PARTE: DON MANUEL ANTONIO

DOMENECH RODRÍGUEZ, seguro social número            -3000,

mayor de edad, soltero, propietario y vecino de Carolina, Puerto

Rico, a quien conozco personalmente.------------------------------

---DE LA SEGUNDA PARTE: DOÑA RUTH ESTHER RODRÍGUEZ

BORGES, seguro social número            -9993, mayor de edad,

soltera, empleada y vecina de San Juan, Puerto Rico, a quien

conozco personalmente.------------------------------

------------------------------DOY FE------------------

---Del conocimiento personal de los comparecientes, así como

por sus dichos, de su edad, estado civil, profesión y vecindad.

Me aseguran tener y a mi juicio tienen la capacidad legal

necesaria para este otorgamiento y en tal virtud libremente.------

------------------------------EXPONEN-------------------

---PRIMERO:  Que los comparecientes en el caso civil número

(KDI-2000-2183), del Tribunal de Primera Instancia Sala

Superior de San Juan, obtuvieron sentencia de divorcio, la cual

es final y firme y se hace formar parte de la presente escritura.---

---SEGUNDO: Que los comparecientes son dueños en común





1

pro-indiviso, de las siguientes propiedades:----------------------------

—(A) URBANA: Solar radicado en el Reparto San Francisco del Barrio Monacillos de Río Piedras que se marca con el número dieciséis (16) en el Bloque "G" del plano de inscripción, con una cabida superficial de mil quinientos cuarenta y seis punto ochenta y dos metros cuadrados (1,546.82 m/c), colindante por el ESTE, su frente en una distancia de treinta y ocho punto setenta y tres metros con la calle "B", por el OESTE, su fondo, en una distancia de cuarenta y siete metros con los solares número dos y tres del bloque "G", del plano de inscripción propiedad de Sein Realty Company Incorporado; por el NORTE, su derecha entrando, en una distancia de cuarenta y siete punto ochenta y cinco metros, con el solar número quince del bloque "G" del plano de inscripción, propiedad de Sein Realty Company Incorporado y por el OESTE, su izquierda entrando en una distancia de veintinueve punto catorce metros, con el solar número uno del bloque "G" del plano de inscripción propiedad de Sein Realty Corp., Inc.-----------------------------------------

—Inscrita al folio setenta y ocho (78) del tomo cuatrocientos ochenta y cuatro (484) de Monacillos, Registro de la Propiedad de San Juan, Sección Tercera, finca diecisiete mil setecientos cincuenta y siete (17,757).----------------------------------------

—Dicha propiedad se encuentra afecta a hipoteca a favor de H.F. Inc., o a su orden, por la suma de ciento veinticinco mil dólares ($125,000.00) al nueve y medio por ciento (9½) de interés anual con vencimiento al primero de diciembre de dos mil cuatro (2004), según surge de la escritura seiscientos cincuenta y uno (651), otorgada el dieciocho de noviembre de mil novecientos setenta y cuatro (1974) ante el Notario Público Miguel García Suárez.  Inscrita al folio 83 vto., del tomo 484 de Monacillos.----

---Se encuentra afecta a hipoteca por la suma de ciento veinticinco mil dólares ($125,000.00) a favor del Portador, o a su orden, al ocho por ciento (8%) de interes anual, con vencimiento a su presentación, según surge de la escritura número treinta (30), otorgada en San Juan, Puerto Rico, el treinta (30) de octubre de mil novecientos setenta y ocho (1978), ante el Notario Público Angel M. Castillo.  Inscrita al folio 1vto., del tomo 716 de Monacillos.---------------------------------------------------

2





----Ambas hipotecas tienen un balance de principal por la suma de doscientos cinco mil dólares ($205,000.00).------------------------

—Se valora esta propiedad en la suma de setecientos sesenta mil dólares ($760,000.00), restado el balance de las hipotecas, su valor neto asciende a la suma de quinientos cincuenta y cinco mil dólares ($555,000.00).---------------------------------------

—B: URBAN: Horizontal Property: Fairway Courts Condominium: Apartment 878: Rectangular shaped three bedroom unit in the Fairway Courts Condominium Regimen, located at Candelero Abajo Ward of the Municipality of Humacao, with a total construction area of three thousand twenty seven point forty nine square feet, equivalent to two hundred eighty one point twenty four square meters, distributed in one thousand eight hundred fifty five point fifty two square feet, equivalent to one hundred seventy two point thirty seven square meters of enclosed area and one thousand one hundred seventy one point ninety one square feet, equivalent to one hundred eight point eighty seven square meters of terraces. The main entrance is located of the South side of the apartment leading directly to the exterior of the building. This apartment is located in Building three of the Regimen, occupies part of the second and third level of the building and has been assigned a share of one point five thousand two hundred forty six per cent in the Common Elements of the Regime. The maximum length of this unit is fifty feet six inches and the maximum width is thirty-six feet six inches. It's boundaries area: By the North, in a distance of thirty-six feet six inches with the common exterior areas, by the South, in the distance of thirty-six feet  six inches with the common exterior areas; by the West, in a distance of forty four feet six inches with the common wall that separates it from apartment number 874 and the common exterior areas; by the East, in a distance of thirty nine feet eleven inches with the common wall that separated it from apartment eight hundred eighty two, on its first level this unit contains a foyer a living room a dining room, a kitchen,  two bedrooms, each one with a closet, a bathroom, a hall, a laundry closet, three storage closet and a covered terrace. From the hall internal stairway leads to the upper level to a hall with a kitchenette, to a master bedroom with walking closet, to a bathroom, two covered terrace and to an open terrace with a Jacuzzi------------------------------------------

—Le  corresponde  derecho  al  uso  de  espacios  de estacionamientos en cualquier espacio disponible dentro del área de estacionamiento.  Le corresponde una participación en los elementos comunes de uno punto quinientos veinticuatro seis por ciento.-----------------------------------------------------------

—Se encuentra afecta la antes descrita propiedad a hipoteca por la suma de dosciento dos mil trescientos dólares ($202,300.00)



3

---A: Se adjudica el bien descrito en el inciso Primero "A" a la compareciente de la Segunda Parte, teniendo esta un valor neto en la suma de quinientos cincuenta y cinco mil dólares, asumiendo así el balance sobre las hipotecas que grava la misma, ascendente a doscientos cinco mil dólares ($205,000.00).-----------------------------------

---B: Se adjudica el bien descrito en el inciso Primero "B" al compareciente de la Primera Parte, teniendo esta un valor neto en la suma de trescientos cincuenta mil dólares ($350,000.00). Asumiendo éste todas las deudas que pudieran existir al presente sobre cuotas de mantenimiento, servicio de energía eléctrica de dicha propiedad.------------------------------------

—DOS: El compareciente de la Primera Parte asume todo pago de contribuciones adeudadas sobre las propiedades aquí descritas hasta el día del otorgamiento de la presente escritura, así cada parte asumirá el pago de cualesquiera contribuciones sobre la propiedad adjudicada a cada uno a partir del otorgamiento de esta escritura.-------------------------------

---TRES: El compareciente de la Primera Parte en este acto ratifica que asume el balance de una cuenta personal con el Banco Popular de Puerto Rico, con la cuenta número 035-132-604, con balance aproximadamente de ciento diez mil dólares ($110,000.00).----------------------------------------

---CUATRO: El compareciente de la Primera Parte asume todos los gastos y honorarios de abogado relacionados al otorgamiento de la presente escritura.-----------------------------------

--------------------------------------------------------------

--------------------------------------------------------------



5

al ocho por ciento (8%) de interes anual, con vencimiento al primero (1º) de diciembre de dos mil siete (2007), según surge de la escritura novecientos dos (902), otorgada en San Juan, Puerto Rico, ante el Notario Público Frank Quiñones Vigo. Inscrita al folio 275 del tomo 488 de Humacao.------------------------------------

---Dicha hipoteca se encuentra satisfecha en su totalidad y pendiente de su cancelación ante el Registro de la Propiedad correspondiente.------------------------------------------------------

—Se valora esta propiedad en la suma de trescientos cincuenta mil dólares ($350,000.00).-------------------------------------------

----------------------------LIQUIDACIÓN--------------------------------

---TERCERO: Los comparecientes en este acto se adjudican su participación ascendente a un cincuenta por ciento (50%) cada uno, en cada una de las propiedades antes descritas.--------------

---CUARTO: Cada uno de los comparecientes se adjudica un cincuenta por ciento (50%) en la propiedad descrita en el acápite PRIMERO "A", en un valor neto para cada uno de por la suma de doscientos setenta y siete mil quinientos dólares ($277,500.00).

—QUINTO: Cada uno de los comparecientes se adjudica un cincuenta por ciento (50%) en la propiedad descrita en el acápite PRIMERO "B", en un valor neto para cada uno de por la suma de ciento setenta y cinco mil dólares ($175,000.00). --------------------

---------------------------ADJUDICACIÓN--------------------------------

—UNO: Que los comparecientes habiendo liquidado la Sociedad de Gananciales en el inciso anterior de la presente escritura, en este acto, se adjudican y así solicitan del Honorable Registrador de la Propiedad, en las Secciones correspondientes, las siguientes adjudicaciones:----------------------------------------------





4

----------------------MODIFICACIÓN DE HIPOTECA--------------------

—PRIMERA: La compareciente de la segunda parte en este acto, habiéndose adjudicado la propiedad inmueble descrita en el inciso Primero "A", y estando gravada la misma por dos hipotecas aquí descritas anteriormente, en este acto modifica el pagaré hipotecario en su principal, cada una en la suma de ciento dos mil quinientos dólares ($102,500.00) sin intereses y con vencimiento de veinticuatro (24) meses a partir del otorgamiento de la presente escritura.------------------------------

---Estos pagarés están siendo entregados en este acto al compareciente de la primera parte como balance de su participación en las adjudicaciones de los bienes inmuebles.------

---A los efectos aquí consignados quedan enmendados los pagarés hipotecarios como las hipotecas que los garantiza de los gravámenes que pesan sobre la propiedad descrita en el inciso Primero "A". Todas las demás condiciones de los pagarés y las hipotecas relacionadas quedan en todo vigor y efecto sin cambio de naturaleza alguna.-------------------------------------------------

---SEGUNDA: Las partes comparecientes entran en la inmediata posesión de los inmuebles que adquiere cada uno a título de dueño.-------------------------------------------------------------------

---------------------------ACEPTACIÓN---------------------------

---Los comparecientes aceptan esta escritura en todas sus partes tal y cual ha quedado redactada por estar conforme a lo convenido y actuado.---------------------------------------------

-------------ADVERTENCIAS Y OTORGAMIENTO----------------

---Los comparecientes aceptan la presente escritura en todas sus partes tal y cual ha quedado redactada por estar conforme a lo





6

convenido y actuado.----------------------------------------------------

---Así lo dicen y otorgan ante mí.-----------------------------------

-----------------------------LECTURA-----------------------------

---Leída esta escritura por los otorgantes, se ratifican en su

contenido y la firman, estampando sus iniciales en todos los

folios de la misma, de todo lo cual, así como todo cuanto queda

consignado en este instrumento público, Yo, el notario, DOY

FE.----------------------------------------------------------------------

---Así lo dicen  y otorgan ante mí, el Notario, luego de haber

renunciado al derecho que les hice saber tenían para requerir la

presencia de testigos instrumentales.--------------------------------

---Hechas por mí, el Notario, las advertencias legales pertinentes

y leída esta escritura por los otorgantes, la firman conmigo

habiendo puesto sus iniciales en todos y cada uno de los folios

de este documento.  De todo lo consignado en esta escritura, yo

el NOTARIO, DOY FE.-----------------------------------------------



7