**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | BKRTCY. CASE NO. 10-05835 (BKT) |
| MANUEL ANTONIO DOMENECH RODRÍGUEZ aka MANUEL ANTONIO DOMENECH | CHAPTER 7 |
| Debtor | |
| WIGBERTO LUGO MENDER, Trustee for the Estate of Manuel Antonio Domenech Rodriguez | ADV. PRO. NO. 11-00168 |
| Plaintiff | |
| vs. | |
| RUTH E. RODRÍGUEZ BORGES on behalf of minor daughter A.G.D.R. | |
| Defendant | |

**OPPOSITION TO MOTION TO DISQUALIFY**

TO THE HONORABLE COURT:

Defendant Ruth E. Rodríguez Borges, through her undersigned counsel, and respectfully states, alleges and prays:

**I. INTRODUCTION.**

On November 8, 2011, Plaintiff filed its "*Motion Requesting Immediate Disqualification of Defendant's Legal Representation*" (**Dkt. #20**) (hereinafter the "*Motion to Disqualify*") in the above referenced case.

The Honorable Bankruptcy Court granted Defendant until today to file her Opposition thereto.

Defendants respectfully requests that the Trustee's *Motion to Disqualify* must be denied. As will be shown:

♦ The Trustee lacks standing to seek the disqualification of the counsel representing only creditors and who has never represented the debtor nor the trustee;

♦ There is no conflict of interest, since the undersigned counsel only represents one client, Creditor Ruth Rodríguez Borges; and

♦ Even assuming *arguendo* that there are two clients, there is no actual conflict between Creditor Ruth Rodríguez Borges and her minor daughter A.G.D.R., and the undersigned has fully complied with All the Requirements of Model Rules of Professional Conduct Rule 1.7.

## II. RELEVANT FACTS AND PROCEEDINGS.

The Debtor and Creditor Ruth Rodríguez Borges had been married and divorced via Judgment issued on December 21, 2000, in the case Ruth Rodríguez Borges v. Manuel A. Domenech Rodríguez, Civil No. KDI 2000-2183 (701), by the Puerto Rico Court of First Instance, San Juan Part. They are the parents of their minor daughter A.G.D.R.

On June 30, 2010, Debtor filed its voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. In his Petition, Debtor did not include in its Schedule E (nor in any other portion of the Petition) any debt, of any kind, owed to Creditor Ruth E. Rodríguez Borges.

On July 27, 2010, Creditor Ruth E. Rodríguez Borges filed her *Proof of Claim* in Defendant's bankruptcy case, Claim No. 1 in the Claims Registry, in which she claimed $80,700.00 in pre-petition domestic support obligation, which is entitled to priority under 11 U.S.C. § 507(a)(1).

On August 12, 2010, Debtor file his *Objection* (**Bkptcy. Dkt. #20**) to Mrs. Rodríguez' claim for claimed $80,700.00 in pre-petition domestic support obligation. In addition, Defendant Debtor Mr.

Domenech also filed an *Amended Schedule E* (**Bkptcy. Dkt. #21**) in which he disputed Mrs. Rodríguez' claim, asserted (incorrectly) that the claim was only for $9,024.00, and then stated that he accepted $3,244.00 of his pre-petition arrears in his child support obligation. In other words, Defendant Debtor Mr. Domenech is factually and legally disputing both the nature and the amount of the claim asserted by Plaintiff.

On August 19, 2010, Creditor Ruth E. Rodríguez Borges filed her Adversary Case of non-dischargeability under Bankruptcy Rule 4004 against Debtor, *Ruth E. Rodriguez Borges v. Manuel Domenech Rodríguez, et als.*, Adv. No. 10-144 (BKT), related to Mrs. Rodríguez Borges' claim in bankruptcy. In it, Creditor Ruth E. Rodríguez Borges requests three things related to Plaintiffs' claim in Defendant/Debtor Manuel A. Domenech Rodríguez bankruptcy:

• First, that the Court declare and find that Defendant/Debtor Manuel A. Domenech Rodríguez and his bankruptcy estate owes Plaintiff and their daughter A.G.D.R $80,700.00 in pre-petition child support;

• Second, that the Court declare and find that said debt is a "domestic support obligation" as defined in 11 U.S.C. § 101(14A), that said pre-petition domestic support obligation is entitled to priority under 11 U.S.C. § 507(a)(1), and that it is exempted from discharge as per 11 U.S.C. § 523(5) & (15); and

• Third, that the Court enforce collection of said pre-petition, prioritized and discharge-exempted domestic support obligation.

On March 29, 2011, the Honorable Court entered an Opinion and Order dismissing the adversary case *Ruth E. Rodriguez Borges v. Manuel Domenech Rodríguez, et als.*, Adv. No. 10-144 (BKT). That

3

same day, the Honorable Court entered an Order in the bankruptcy case granting the Debtor's Objection and disallowing Mrs. Rodríguez Borges' claim for domestic support obligation.

Mrs. Rodríguez Borges then appealed the dismissal of the adversary complaint to the District Court. That appeal is still pending.

On December 30, 2010, creditor Ruth Rodríguez Borges filed the state court case <u>Ruth Rodriguez Borges v. Manuel A. Domenech Rodríguez</u>, Civil No. KAC 2010-1557 (906) (hereinafter the "Liquidation Suit"), with the P.R. Court of First Instance, San Juan Superior Part, against Debtor, seeking the final division and liquidation of the conjugal partnership funds that were deposited in accounts with several financial institutions and which Debtor kept without giving Mrs. Rodríguez held part. This State Court Complaint requests the division and liquidation of the conjugal funds withheld and misappropriated by Mr. Domenech, an accounting of the conjugal funds withheld and misappropriated by Mr. Domenech, the division and liquidation of said conjugal funds and delivery to Mrs. Rodríguez of her legal portion after recognizing credits favorable to Mrs. Rodríguez as per *Soto López v. Colón*, 143 D.P.R. 282, 289 (1997) y *Lizardi v. Agüayo*, 162 D.P.R. 801, 812 (2004), a finding that Mr. Domenech negligently managed and lost those conjugal funds, and the recovery of the corresponding damages suffered by Mrs. Rodríguez as a result of said negligent act.

On June 23, 2011, Mrs. Rodríguez Borges filed an initial *Motion for Lifting the Stay* (**Bkrptcy. Dkt. #76**) seeking an order allowing Creditor Ruth Rodríguez Borges to litigate Liquidation Suit against the Debtor up to and including entry of final and firm judgment. This initial motion was denied by this Honorable Court without prejudice Via Order (**Bkrptcy. Dkt. #82**) for lack of proper notice under LBR 4001-1(c) and 7004-2(b).

4

On November 9, 2011, Mrs. Rodríguez Borges filed a *Renewed Motion for Lifting the Stay* (**Bkrptcy. Dkt. #99**), reasserting the request for an Order allowing the litigation of the Liquidation Suit in state court.

Then, on December 5, 2011, Mrs. Rodríguez Borges filed a new Proof of Claim asserting an unsecured non-dischargeable contingent claim for $350,000.00 representing the claims for unliquidated conjugal partnership property requested in the Liquidation Suit pending in state court.

Meanwhile, On August 10, 2011, Plaintiff Wigberto Lugo Mender, acting as Chapter 7 Trustee of the Bankruptcy Estate of Debtor Manuel Domenech Rodríguez, filed the instant Complaint. In it, the Trustee averred that, as part of the liquidation of the conjugal partnership that existed between Debtor Manuel Domenech Rodríguez and Defendant Ruth Rodríguez Borges, the latter executed two promissory notes totaling $205,000.00, which are guaranteed by a mortgage over the residential property located at the Urbanización San Francisco and which was allocated to Defendant as part of the liquidation of the conjugal partnership. Based on this interest, the Trustee now seeks the turnover of the moneys owed by Defendant under the two promissory notes totaling $205,000.00, as per 11 U.S.C. § 542(b), via the execution of the mortgage lien that encumbers the Defendant's residential property located at Urbanización San Francisco.

On November 8, 2011, Trustee filed its *Motion to Disqualify* in the above referenced case. In it, the Trustee claimed that the undersigned counsel has a "conflict-of-interest" under Model Rules of Professional Conduct Rule 1.7 between its legal representation of Creditor Mrs. Rodríguez Borges' domestic support obligation claim for owed pre-petition child support, and its legal representation of Creditor Mrs. Rodríguez Borges' separate claim for owed unliquidated conjugal partnership property and her defense in the Trustee's instant adversary complaint seeking the turnover of property.

5

In other words, the Trustee is asserting that the undersigned counsel has a "conflict of interest" by its representation of Creditor Mrs. Rodríguez Borges' multiple claims and defenses.

### III. ARGUMENTS:

It is well established that "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.' " *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994); *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)). *See also FMC Corp. v. Guthery*, Civil Action No. 07-5409 (JAP), 2009 U.S. Dist. LEXIS 14609, 2009 WL 485280 at *3 (D.N.J. Feb. 25, 2009); *Gordon v. Bechtel Int'l.*, No. CIV. 2001/132, 2001 U.S. Dist. LEXIS 22432, 2001 WL 1727251 at *4 (D.V.I. Dec. 28, 2001); *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200, 1203 (E.D. Pa. 1992). The party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified." *Alexander*, 822 F. Supp. at 1114 (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir.1983); *Bennett Silvershein Assoc. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y.1991)).

A motion to disqualify counsel requires the court to "balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *Prosser v. Nat'l Rural Utils. Coop. Fin. Corp.*, 2009 U.S. Dist. LEXIS 47744 at 4 (D. Vi. 2009); *McKenzie Constr. v. St. Croix Storage Corp.*, 961 F. Supp. 857, 859, 37 V.I. 105 (D. Vi. 1997). "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *Id*. (citing *Richardson v. Hamilton Int'l Corp.*, 469 F.2d 1382, 1385-86 (3d Cir. 1972)).

*Richards v. Lewis*, No. Civ. A. 05-0069, 2005 U.S. Dist. LEXIS 23933, 2005 WL 2645001 at *2 (D.V.I. October 14, 2005).

    Model Rule 1.7 governs conflicts of interests among or between current clients. The rule states:

(a)     Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.

    A concurrent conflict of interest exists if:

(1)     the representation of one client will be directly adverse to another client; or

(2)     there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former [*8] client or a third person or by a personal interest of the lawyer.

(b)     Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1)     the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2)     the representation is not prohibited by law;

(3)     the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4)     each affected client gives informed consent, confirmed in writing.

ABA Annotated Model Rules of Professional Conduct Rule 1.7 (2007).

    The rules dealing with conflicts of interest are chiefly concerned with protecting the client's confidential disclosures to the attorney and ensuring the attorney's loyalty to the client's interests. *Hill v. Culebra Conservation & Dev. Auth.*, 599 F. Supp. 2d 88, 92 (D.P.R. 2009).

    Federal courts have applied the following practical test in determining whether there is a conflict between two representations. First, the court reconstructs the scope of the facts involved in the former

representation and projects the scope of the facts that will be involved in the second representation. Second, the court assumes that the lawyer obtained confidential client information about all facts within the scope of the former representation. Third, the court determines whether any aspect of the former representation is so similar to any material matter in the latter representation that a lawyer would consider it useful in advancing the interests of the client in the later representation. *Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 439 (1st Cir. 1991); *Somascan Plaza, Inc. v. Siemens Med. Sys., Inc.*, 187 F.R.D. 34, 38 (D.P.R. 1999). To disqualify a party's chosen attorney is a serious matter which could not be supported by the mere possibility of a conflict. *Estrada v. Cabrera*, 632 F. Supp. 1174, 1175 (D.P.R. 1986). *See also, Richmond Hilton Associates v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir. 1982).

However, the notion of someone extraneous to an attorney-client relationship raising the specter of a conflict of interest raises grave concerns. The risk of this mechanism being used for tactical or strategic purposes by opposing parties in a litigation must be weighed by the court as well as the effect of negating chosen attorney. Kevlik v. Goldstein, 724 F.2d 844, 848 (1st Cir. 1984); *Reyes Canada v. Rey Hernandez*, 193 F. Supp.2d 409, 411 (D.P.R. 2002); *Somascan*, 187 F.R.D. at 37. Therefore, motions to disqualify submitted by non-parties to the relationship must be examined with caution. The "mere possibility of a conflict" will not do. *Reyes Canada*, 193 F. Supp.2d at 411 (citing *Somascan*, 187 F.R.D. at 37). "Courts must balance a client's right to be represented by an attorney of their choice and the integrity of the legal system." *Somascan*, 187 F.R.D. at 37.

A disqualification motion implicates a wide range of interests, including a client's right to counsel of his choice, the hardship suffered by a party whose lawyer is disqualified, the financial burden of a client to replace disqualified counsel, lawyers' mobility, lawyers' interests in representing particular

clients, lawyers' ability to trade on their expertise and to market their practice specialties, the preservation of the attorney-client relationship and client confidences, and the maintenance of the legal profession's ethical standards. *Combustion Eng'g Caribe, Inc. v. Geo P. Reintjes Co.*, 298 F. Supp. 2d 215, 219-220 (D.P.R. 2003)

### A.  Trustee's Lack of Standing.

Mrs. Rodríguez Borges first submits that the Trustee lack standing to move for disqualification. The Trustee is neither a current nor a former client of the undersigned. As a general rule, non-clients may not seek the disqualification of an attorney. *See e.g. In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83 (5th Cir. 1976); *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153 (W.D. Wash. 2006); *Richardson v. Hamilton Int'l Corp.*, 333 F. Supp. 1049, 1054-55 (E.D. Pa. 1971), *aff'd* 469 F.2d 1382 (3d Cir. 1972)). The courts have found that to allow a third party to have standing to assert a disqualification motion would allow the third party to use disqualification for its own purposes. Douglas R. Richmond, *The Rude Question of Standing in Attorney Disqualification Disputes*, 25 Am. J. Trial Advoc. 17, 22-3 (2001). *See also*, Alexander W. Jones, Student Commentary, *Defenses to Disqualification: Fact Situations that Allow an Attorney to Avoid Disqualification for a Conflict of Interest*, 27 J. Legal Prof. 195 (2002-2003).

A non-client may seek disqualification only if there is an "ethical breach [that] so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of her claims." *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999); *see also Jamieson v. Slater*, No. CV 06-1524-PHX-SMM, 2006 U.S. Dist. LEXIS 68988, 2006 WL 3421788 (D. Ariz. Nov. 27, 2006) (plaintiff had standing to move to disqualify opposing counsel, who was himself a co-defendant and whose actions while representing his co-defendants were subject of plaintiff's suit; notwithstanding co-defendants'

waiver of conflict, lawyer's interest in justifying what he did while representing them would "undoubtedly cloud" his ability to examine their alternatives). However, lack of any injury personal to the movant is fatal to a request to disqualify by a non-client. *Northwest Bypass Group v. United States Army Corps of Eng'rs*, 488 F. Supp. 2d 22, 33 (D.N.H. 2007).

In the present case, the Trustee has no standing to seek the disqualification of the undersigned counsel. The Trustee (nor the debtor) is either a current or a former client. The Trustee is a non-client that is seeking to disqualify an opponent's attorney. The Trustee cannot prove any injury to itself or to Debtor by the undersigned counsel's representation of Mrs. Rodríguez Borges' multiple claims and defenses. As indicated in *Northwest Bypass Group*, that lack of any injury is fatal to the Trustee's request to disqualify the undersigned. In addition, there is no basis for arguing that the undersigned counsel's representation of Mrs. Rodríguez Borges' multiple claims and defenses "infects the litigation [to such a point]. . . that it impacts the moving party's interest in a just and lawful determination of her claims." It follows that the Trustee has no standing to seek the disqualification of the undersigned counsel.

**B.** **The Undersigned Counsel Has No Conflict of Interests since There is Only One Client, Creditor Mrs. Ruth Rodríguez Borges, Who Has Two Separate and Distinct Claims**.

The crux and basic flaw of the Trustee's argument is ***assumes*** (incorrectly so) that domestic support obligation claim for owed pre-petition child support belongs to the parties' minor daughter A.G.D.R., that undersigned represents A.G.D.R. in said claim, and that said alleged representation is in conflict with the undersigned counsel's representation of her mother Ruth Rodríguez Borges' separate claim for owed unliquidated conjugal partnership property and the undersigned counsel's representation in her defense in the Trustee's instant adversary complaint seeking the turnover of property.

But this assumption is incorrect as a matter or fact and law.

The domestic support obligation claim for owed pre-petition child support belongs and is assertable only by Mrs. Ruth Rodríguez Borges, who is A.G.D.R.'s mother and the parent with full custody over the child. Under Puerto Rico law, a minor has no legal capacity to act. 31 L.P.R.A. § 82. A minor does not have the legal capacity to sue and be sued. *Lizardi v. Corte*, 57 D.P.R. 248 , 250-251 (1940). Puerto Rico law holds that minor children cannot contract because they do not have the capacity to consent. 31 L.P.R.A. § 3402. Minors can only act and be represented through their parents with custody. 31 L.P.R.A § 601. The legal age in Puerto Rico is 21 years. 31 L.P.R.A. § 971.

It follows that the undersigned counsel ***does not represent*** and ***has no attorney-client relationship*** with A.G.D.R. precisely because she is a minor. A.G.D.R. could not, and still cannot, contract the legal services of the undersigned. A.G.D.R. cannot appear as a party in the suit because she has no legal capacity to sue and be sued. A.G.D.R. can only be represented by her mother. It follows that the undersigned's only client regarding the domestic support obligation claim for owed pre-petition child is the mother, Mrs. Ruth Rodríguez Borges, who is the only person with legal capacity to appear and to sue.

Based on the above, it is evident then that there is no conflict of interests. The undersigned counsel only has one client, Mrs. Ruth Rodriguez Borges who has several separate claims in bankruptcy. By definition, there cannot be any "conflict of interests" among concurrent clients if there is only one client.

It should be noted that the fact that the undersigned represents only Mrs. Ruth Rodriguez Borges because she is the only person with legal capacity, and the fact that her daughter A.G.D.R. is a minor

without any capacity to sue or act by herself, was very evident. These are all matters that are taught in the first year of law school.

Moreover, it appears that the real focus of the Trustee's complaint against the undersigned is that he is unhappy with Mrs. Rodríguez Borges representation of her minor daughter A.G.D.R.'s interests. However, the Chapter 7 Trustee Wigberto Lugo Mender has absolutely no business and no say on how A.G.D.R.'s interests should be represented by her mother. Any claim that Mrs. Rodríguez Borges is not adequately representing her minor daughter's interest is solely a family law issue that can only be raised and litigated, by the parents (not by the Chapter 7 Trustee), in Puerto Rico state family court. It follows that the Trustee's position has been, from inception, frivolous as a matter of law.

C.  **Even Assuming *Arguendo* That There Are Two Clients, There Is No Actual Conflict between Them and the Undersigned Counsel Complied with All the Requirements of Model Rules of Professional Conduct Rule 1.7**.

Finally, even assuming *arguendo* that A.G.D.R. can be a "client", the undersigned counsel's dual representation of A.G.D.R. and her mother Ruth Rodríguez Borges is permitted by Section (b) of Model Rule 7.1.

There is no inherent ethical conflict in a lawyer representing more than one creditor under Model Rule 7.1 in a bankruptcy case, so long as the dual representation is disclosed, clients are informed about possible implications of the dual representation, and each client Consents. Robin E. Phelan and John D. Penn, *Bankruptcy Ethics: Article: Bankruptcy Ethics, an Oxymoron*, 5 Am. Bankr. Inst. L. Rev. 1, 22-23 (Spring 1997) Consultation contemplates explaining to each client the implications, risks, and possible adverse consequences of the common representation. All the clients must consent. *See* Model Rules of Professional Conduct Rule 1.7 cmt. [5] (1983) (stating when more than one client is involved, question of conflict must be resolved as to each client).

In the present case, AG.D.R. is by law represented by her mother Creditor Ruth Rodríguez Borges. *See* 31 L.P.R.A. §§ 611 & 615. The undersigned has consulted fully with Mrs. Rodríguez Borges the implications regarding all her claims and defenses raised in this bankruptcy case, and has obtained informed written consent from her to proceed. Hence, the undersigned has fully complied with the requirements of Model Rule 1.7(b) needed in order to proceed with the alleged dual representation.

It follows that there is no basis for seeking the disqualification under Model Rule 7.1 (or its counterpart under Puerto Rico's Rules of Ethics).

**WHEREFORE**, it is respectfully requested that Honorable Bankruptcy Court **DENY** Plaintiff "*Motion Requesting Immediate Disqualification of Defendant's Legal Representation*" (Dkt. #20) filed on November 8, 2011.

I HEREBY CERTIFY: That a true and exact digital copy of the forgoing was sent electronically via the CM/ECF System to: **Wigberto Lugo Mender, esq**. at trustee@lugomender.com and wlugo@ecf.epiqsystems.com; **Rafael V. Olivieri Geigel, esq.** at lawrog@gmail.com, **René Arrilaga Armendariz, esq**. at arrillagalaw@yahoo.com, and **Rafael E. Silva Almeyda, esq**. at silva.almeyda.law@gmail.com.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on December 12, 2011.

        LAW OFFICES OF LUIS A. MELÉNDEZ-ALBIZU
        Counsel for Defendant
        #117 De Diego Ave., Urb. San Francisco,
        San Juan, P.R. 00927-6310
        Tel. (787) 758-1549;
        Fax. (787) 751-1052
        CM/ECF E-Mail: lamelendez@prtc.net
        CM/ECF E-Mail: MelendezAlbizuLaw@gmail.com

        */s/Luis A. Meléndez-Albizu, Esq.*
        US Dist. Ct of P.R. Bar No. 205703