**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | BKRTCY. CASE  NO.  10-05835 (BKT) |
| MANUEL ANTONIO DOMENECH RODRÍGUEZ aka MANUEL ANTONIO DOMENECH | CHAPTER 7 |
| Debtor | |
| WIGBERTO LUGO MENDER, Trustee for the Estate of Manuel Antonio Domenech Rodriguez | ADV. PRO. NO.  11-00168 |
| Plaintiff | |
| vs. | |
| RUTH E. RODRÍGUEZ BORGES on behalf of minor daughter A.G.D.R. | |
| Defendant | |

## MOTION REQUESTING SANCTIONS, ATTORNEYS FEES AND COSTS PURSUANT TO RULE 9011, RULE 11, SECTION 707 AND 28 U.S.C. § 1927

TO THE HONORABLE COURT:

Defendant Ruth E. Rodríguez Borges, through her undersigned counsel, and respectfully states, alleges and prays:

### I. REMEDY SOUGHT

Defendant hereby requests that the Honorable Court find Plaintiff as well as each of Plaintiffs' counsels  Rafael V. Olivieri Geigel, René Arrilaga Armendariz, and Rafael E. Silva Almeyda, liable to Defendant for sanctions under Fed. R. Bankr. P. 9011, Fed. R. Civ. P. 11, 11 U.S.C. § 707(b)(4)(C) and 28 U.S.C. § 1927, and thereby order the assessment of reasonable attorneys fees and costs against them as per the lodestar method, in view of their unreasonable filing and subsequent refusal to withdraw their

"*Motion Requesting Immediate Disqualification of Defendant's Legal Representation*" (**Dkt. #20**)

("*Motion to Disqualify*") which was clearly frivolous as a matter of fact and law.

## II. RELEVANT PROCEEDINGS

On November 8, 2011, Plaintiff filed its *Motion to Disqualify*, in which Plaintiff sought the

disqualification of the undersigned counsel Luis A. Melendez Albizu, esq. for an improper purpose and

based on facts that do not support such a remedy.  The Motion filed by Plaintiff simply lacked adequate

legal and factual support, and should have never been filed.

On November 9, 2011, Defendant notified Plaintiffs' counsel with a Letter and with copy of this

motion, and requested Plaintiff's counsel to withdraw the *Motion to Disqualify*.  That same day,

Defendant filed an *Informative Motion* (**Dkt. #22**) informing the Honorable Court that Defendants had

formally requested Plaintiff to withdraw its *Motion to Disqualify*.

Plaintiff's counsels refused to withdraw their motion.  Hence, sanctions are now in order as per

Fed. R. Bankr. P. 9011, Fed. R. Civ. P. 11, 11 U.S.C. § 707(b)(4)(C) and 28 U.S.C. § 1927.

## III. APPLICABLE LAW AND DISCUSSION

Fed. R. Bankr. P. 9011 provides as follows:

"**Rule 9011.  Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers**

(a)     Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b)     Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an

2

attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1)    it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c)    Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1)    How initiated.

(A)    By motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B)    On court's initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2)    Nature of sanction; limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the

3

movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

    (A)    Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

    (B)    Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

    (3)    Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d)    Inapplicability to discovery. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037.

(e)    Verification. Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. § 1746 satisfies the requirement of verification.

(f)    Copies of signed or verified papers. When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original."

In turn, Fed. R. Civ. P. 11 provides as follows:

**"Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

(a)    Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b)    Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

4

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c)    Sanctions.

  (1)    In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

  (2)    Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

  (3)    On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

  (4)    Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

  (5)    Limitations on Monetary Sanctions. The court must not impose a monetary sanction:

    (A)    against a represented party for violating Rule 11(b)(2); or

    (B)    on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

  (6)    Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

5

(d)     Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."

Pursuant to Bankruptcy Rule 9011(b), an attorney or pro se party who presents a document (whether by signing, filing, submitting, or later advocating) certifies, among other things, that "the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Bankr. P. 9011(b). *Lafayette v. Collins (In re Withrow)*, 405 B.R. 505, 511 (BAP 1st Cir. 2009) (B. Tester, BAP Judge). Rule 9011(b) is not limited to statements below which appear an attorney's signature. Rather, the rule provides that filing, submitting or even advocating with respect to a document filed with a court has the same effect as signing the document. Therefore, it is well established that Bankruptcy Rule 9011(b) applies to debtors' attorneys even with respect to a debtor's schedules, statement of affairs and other documents disclosing assets, which debtors, but not counsel, are required to sign. *See, e.g., In re M.A.S. Realty Corp.*, 326 B.R. 31, 38 (Bankr. D. Mass. 2005).

In addition, under new §§ 707(b)(4)(C) and (D) (as revised by BAPCPA), a debtor's attorney has a duty, equivalent to that under Bankruptcy Rule 9011, to perform a reasonable investigation into the circumstances giving rise to the documents before filing them in a chapter 7 case. 7 For example, under new § 707(b)(4)(C), attorneys are subject to an automatic certification of meritoriousness, based upon a reasonable investigation, as to any "petition, pleading, or written motion" signed by them. See 11 U.S.C. § 707(b)(4)(C). Section 707(b)(4)(C) provides, in relevant part:

"The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has--
(i)     performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and

6

    (ii)     determined that the petition, pleading, or written motion--

        (I)     is well grounded in fact; and

        (II)     is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1)."

Accordingly, any attorney who files a motion, a schedule, or a statement on a debtor's behalf makes a certification regarding the representations contained therein. Although the certification is not an absolute guaranty of accuracy, it must be based upon the attorney's best knowledge, information and belief, "formed after an inquiry reasonable under the circumstances." *Nosek v. Ameriquest Mortg. Co. (In re Nosek)*, 386 B.R. 374, 381 (Bankr. D. Mass. 2008). The First Circuit has held that the standard to be applied is "an objective standard of reasonableness under the circumstances." *Cruz v. Savage*, 896 F.2d 626, 631 (1st Cir. 1990)). "Courts, therefore, must inquiry as to whether 'a reasonable attorney in like circumstances could believe his actions to be factually and legally justified.'" *Id.*

Because Rule 9011 is derived from Federal Rule of Civil Procedure 11, the First Circuit has explained that "Rule 11 jurisprudence is largely transferable to Rule 9011 cases." *Featherston v. Goldman (In re D.C. Sullivan Co.)*, 843 F.2d 596, 598 (1st Cir. 1988); *White v. Burdick (In re CK Liquidation Corp.)*, 321 B.R. 355, 362 (BAP 1st Cir. 2005).

Rule 11 provides for the imposition of sanctions against a party and/or its attorney if they file a pleading, motion or paper that is not "well grounded in fact" or is not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," or is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Nyer v. Winterhur Int'l*, 290 F.3d 456, 460 (1st Cir. 2002); *Taber Partners I v. Insurance Co. of N. Am.*, 926 F. Supp. 36, 39 (D.P.R. 1996). "Rule 11 of the Federal Rules of Civil Procedure

forbids parties and their counsel from alleging factual contentions that lack evidentiary support." *Top Entertainment, Inc. v. Ortega*, 285 F.3d 115, 118 (1ˢᵗ Cir. 2002). The rule penalizes a party for an obstinate insistence or attitude that lacks legal foundation and forces the other party to unnecessarily incur in costs, efforts and inconveniences in a lawsuit. *See Taber Partners I*, 926 F. Supp. at 38-39.

The First Circuit Court has affirmed sanctions under Fed. R. Civ. P. 11, when they were imposed due to the filing of groundless allegations filed without reasonably inquiry, *see Silva v. Witschen*, 19 F.3d 725 (1ˢᵗ Cir. 1994); *Ferrer Bolivar v. Pocklington*, 975 F.2d 28 (1ˢᵗ Cir. 1992), or for the filing of a motion or a letter lacking factual or legal merit or that misrepresents the facts. *See Legault v. Zambrano*, 105 F.3d 24, 29 (1ˢᵗ Cir. 1997); *Mariani v. Doctors Associates, Inc.*, 983 F.2d 5 (1ˢᵗ Cir. 1993); *Navarro-Ayala v. Nuñez*, 968 F.2d 1421 (1ˢᵗ Cir. 1992). The First Circuit has also ordered the imposition of sanctions for frivolous requests for injunctive relief. *See Lancellotti v. Fay*, 909 F.2d 15 (1ˢᵗ Cir. 1990).

Whether a litigant breaches his or her duty to conduct a reasonable inquiry into the facts and the law depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances. *Lichtenstein v. Consolidated Services Group, Inc.*, 173 F.3d 17, 23 (1ˢᵗ Cir. 1999). The factors to be assessed may include the complexity of the subject matter, the party's familiarity with it, the time available for the inquiry, and the ease (or difficulty) of access to the requisite information. *Id*.

A district court that fails to impose sanctions when faced with a reckless disregard of the requirements imposed by Rule 11 commits reversible abuse of discretion. *Silva v. Witschen*, 19 F.3d 725, 729 (1ˢᵗ Cir. 1994).

Federal courts have also allowed the imposition of attorneys fees under a court's inherent authority when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); *McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger*, 280 F.3d 26 42 (1st Cir. 2002).  Sanctions may also be imposed pursuant to 28 U.S.C. § 1927.  *See Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). Under Section 1927 no showing of an attorney's subjective bad faith is required in order to allow sanctions; proof of unreasonable and harassing or annoying conduct, judged from an objective standard, is sufficient. *McLane* 280 F.3d at 44.

This Honorable Court has not hesitated to impose sanctions against an attorney when it deemed it appropriate. *See e.g., Lafayette v. Collins (In re Withrow)*, 405 B.R. at 514-515 (B. Tester, BAP Judge) (affirming sanction of $3,585 imposed on attorney for filing a schedules with incorrect information); *BBVA Puerto Rico v. Santiago Vázquez*, 2011 Bankr. LEXIS 3426 at 6-8 (Bankr. D.P.R. 2011) (B. Tester, Bankr. J.) (imposing a sanction of $7,291.38 for filing a frivolous adversary proceeding); *Torres v. Gov't Dev. Bank (In re Torres)*, 2011 Bankr. LEXIS 511 at 6-8 (Bankr. D.P.R. 2011) (B. Tester, Bankr. J.) (imposing a sanction of payment of costs and attorneys fees incurred in defending a frivolous adversary proceeding).

The District Court has also proceeded to impose sanctions when appropriate. *See e.g., Jaen v. Coca-Cola Co.*, 157 F.R.D. 146 (D.P.R. 1994) (Perez-Gimenez, J.) (imposing a sanction of $3,000.00 on an attorney).

In the present case the Plaintiff has filed a sham and frivolous *Motion to Disqualify* seeking the immediate disqualification of the defendant's counsel, for the simple reason that the undersigned represents the several claims and defenses brought and raised by Mrs. Ruth Rodríguez Borges in this case, including the domestic support obligation claim fro pre-petition child support owed to their minor daughter A.G.D.R.,the claim for unliquidated conjugal partnership property, and the defense of Mrs.

9

Rodríguez Borges in this Adversary Case <u>Wigberto Lugo Mender v. Ruth Rodriguez Borges</u>, Adv. Proc. No. 11-168 (BKT) were the Chapter 7 Trustee seeks to collect a debt against Mrs. Rodríguez Borges and enforce collection by the execution and sale of the San Francisco Real Property in a public sale, even though the state court has already issued a State Court Homestead Judgment holding that the San Francisco Real Property was the homestead ("hogar seguro") of A.G.D.R. as provided in 31 L.P.R.A. § 385a, and that Mr. Domenech could not enforce or collect by executing the property and evicting A.G.D.R. and her mother until A.G.D.R. turns 25 years old in 2016.

Federal courts have applied the following practical test in determining whether there is a conflict between two representations. First, the court reconstructs the scope of the facts involved in the former representation and projects the scope of the facts that will be involved in the second representation. Second, the court assumes that the lawyer obtained confidential client information about all facts within the scope of the former representation. Third, the court determines whether any aspect of the former representation is so similar to any material matter in the latter representation that a lawyer would consider it useful in advancing the interests of the client in the later representation. *Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 439 (1st Cir. 1991); *Somascan Plaza, Inc. v. Siemens Med. Sys., Inc.*, 187 F.R.D. 34, 38 (D.P.R. 1999). To disqualify a party's chosen attorney is a serious matter which could not be supported by the mere possibility of a conflict. *Estrada v. Cabrera*, 632 F. Supp. 1174, 1175 (D.P.R. 1986). *See also, Richmond Hilton Associates v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir. 1982).

Plaintiffs contention of an actual conflict is ridiculous.

First, the Trustee has no standing to seek the disqualification of the undersigned counsel since the Trustee is a third party non-client who suffers no injury by the undersigned's legal representation.

10

Second, there is no conflict since there is only one client --Mrs. Rodríguez Borges– with the legal capacity to contract and to sue and be sued. There is no conflict between the interests of Mrs. Rodríguez Borges and her daughter A.G.D.R., since the latter is a minor under the sole custody of her mother Mrs. Rodríguez Borges. Mrs. Rodríguez Borges is the custodial parent with the right to make and take decisions for her minor daughter.

Third, even assuming *arguendo* that A.G.D.R. could be a "client" (which we reject) and that there is actually a dual representation, then undersigned counsel's legal representation would still be permitted under Model Rule 1.7(b).

Fourth, in the Adversary Case <u>Wigberto Lugo Mender v. Ruth Rodriguez Borges</u>, Adv. Proc. No. 11-168 (BKT) the Chapter 7 Trustee seeks to execute the San Francisco Real Property where A.G.D.R. and her mother reside, and to cause their eviction from the residence that the state court already determined was A.G.D.R.'s homestead ("hogar seguro"). The undersigned is trying to avoid A.G.D.R.'s eviction from her home. In this case so far, the undersigned counsel has asserted A.G.D.R.'s rights to her homestead, and the legal effect that those rights have over Plaintiff's Complaint. **There can be no dispute or reasonable doubt that this legal counsel's legal work in avoiding A.G.D.R.'s eviction from her home and homestead is an act in furtherance of A.G.D.R.'s best interests**.

Fifth, if Mrs. Rodríguez Borges prevails in her defense of the instant Adversary Proceeding, that will not necessarily mean that A.G.D.R.'s interests in collecting her DSO claim will be prejudiced. A.G.D.R.'s DSO claim may be collected from other funds and property owned by debtor Manuel Domenech Rodríguez. For example, debtor Domenech Rodríguez owns an Apartment located at the Condominio El Paraiso in Cupey which may be sold and the proceeds used to pay A.G.D.R.'s DSO

claim (which is entitled to priority as per 11 U.S.C. § 507(a)(1) and is exempted from discharge as per

11 U.S.C. § 523(5) & (15)). If Defendant Mrs. Rodríguez Borges (A.G.D.R.'s mother) prevails in the

instant case, that will not mean that A.G.D.R.'s DSO will be impaired. As mentioned, Debtor already

has other real property which may be used to satisfy A.G.D.R.'s DSO claim.

Sixth, as noted above, the test applied by federal courts focus on the danger that confidential

information provided by one client may be disclosed as part of another legal representation. However,

it is well settled that the conclusory allegations regarding the sharing of confidences, without a

description of the representation, are not enough to support their burden [for obtaining disqualification],

since 'the mere allegation that confidential information was exchanged in a prior representation will not

suffice to create the 'irrebuttable presumption' of shared confidences that is so frequently spoken of in

this area of the law." *Starlight Sugar v. Soto*, 903 F. Supp. 261, 266 (D.P.R. 1995). In the present case,

there is no danger of any disclosure of any confidential information, since A.G.D.R. is a minor who has

no confidences and who is under the sole custody of her mother Mrs. Rodríguez Borges.

It follows that there is no conflict between the undersigned counsel's representation of Mrs.

Rodríguez Borges and her minor daughter A.G.D.R. in the Adversary Case Ruth Rodriguez Borges v.

Manuel A. Domenech Rodríguez, Adv. Proc. No. 10-144 (BKT) currently pending on appeal before the

District Court of Puerto Rico, and the undersigned counsel's representation of Mrs. Rodríguez Borges

in this Adversary Case Wigberto Lugo Mender v. Ruth Rodriguez Borges, Adv. Proc. No. 11-168

(BKT).

This necessarily means that Plaintiff's *Motion to Disqualify* is just a malicious attempt to cast

aspersions on the undersigned counsel and to deprive Mrs. Rodríguez Borges and her minor daughter

A.G.D.R. of their attorney chosen by them. It is known unscrupulous practitioners may and have used

12

disqualification motions for purely strategic purposes, *Smith v. Whatcott*, 757 F.2d 1098, 1099-1100 (10th Cir. 1985); *Melamed v. ITT Continental Baking Co.*, 592 F.2d 290, 295 (6th Cir. 1979); *Ross v. Great Atlantic & Pacific Tea Co., Inc.*, 447 F. Supp. 406, 410 (S.D.N.Y. 1978); Redd v. Shell Oil Co., 518 F2d 311, 315 (10th Cir. 1975); *International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1289 (2nd Cir. 1975), and courts should not be oblivious to this fact. *Williamsburg Wax Museum v. Historic Figures*, 501 F. Supp. 326, 331 (D.C.Cir. 1980). It is clear that such practice would often unfairly deny a litigant the counsel of his choosing. *Woods v. Covington City Bank*, 537 F.2d 804, 813 (5th Cir. 1976); *Board of Ed. of N.Y. City v. Nyquist*, 590 F.2d 1241, 1246 (2nd Cir. 1979); *Society for Good Will to Retarded, Etc. v. Carey*, 466 F. Supp. 722, 724 (E.D.N.Y. 1979). This explains why the rule of disqualification should not be mechanically applied. *Duncaro v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1029 (5th Cir.), *cert. denied*, 454 U.S. 895, 70 L. Ed. 2d 211, 102 S. Ct. 394 (1981); *Jackson v. J.C. Penney Co., Inc.*, 521 F. Supp. 1032, 1034 (N.D.Ga. 1981). However, what is beyond any question is that such malicious and frivolous conduct deserves the imposition of severe sanctions.

Courts within the First Circuit Court have regularly imposed, or affirmed the imposition, of sanctions for the filing of a frivolous or improperly-motivated motion to disqualify opposing counsel. *See Northwest Bypass Group v. United States Army Corps of Eng'rs*, 569 F.3d 4, 6 (1st Cir. 2009) (affirming sanctions for filing a frivolous motion to disqualify and to obtain sanctions); *Obert v. Republic Western Ins. Co.*, 264 F. Supp. 2d 106 (D.R.I. 2003) (imposing sanctions for filing a motion to disqualify); *Sylver v. Security Pac. Fin. Servs. (In re Sylver)*, 214 B.R. 422 (BAP 1st Cir. 1997) (affirming sanctions for filing a frivolous motion to recuse); *Kelly v. Giguere (In re Giguere)*, 183 B.R. 27 (Bankr. D.R.I. 1995) (holding that motion to disqualify merited the imposition of sanctions). *See also, In re Ruben*, 825 F.2d 977, 989 n.10 (6th Cir. 1987) ("A groundless motion to disqualify opposing

13

counsel may support a sanction under 28 U.S.C. § 1927."); *Wold v. Minerals Eng'g Co.*, 575 F. Supp. 166, 167-68 (D. Colo. 1983) (finding that even though § 1927 sanctions often follow a pattern of multiple vexatious actions, the improper filing of a motion to disqualify alone can justify the imposition of § 1927 sanctions).

In imposing sanctions, both the Supreme Court and the First Circuit Court have approved the use of the so-called lodestar method in computing sanctions. *See e.g., Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010); *Darcy Foster v. Mydas Assoc., Inc.*, 943 F.2d 139, 141 (1st Cir. 1991) (citing *Blum v. Stetson*, 465 U.S. 886, 888 (1984)).  Under this method and manner of award calculation, the court calculates the number of attorney hours reasonably expended on the litigation times a reasonable hourly rate. *Id*.  Specific findings are required. *Id*.

Lastly, this Honorable Court is authorized to impose sanctions against the Plaintiff and its attorney even if its finds that it lack subject matter jurisdiction, in this case, due to the application of the Rooker-Feldman doctrine. *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992).

In view of the above, the Honorable Court should impose on Plaintiff as well as on each of Plaintiffs' counsels Rafael V. Olivieri Geigel, René Arrilaga Armendariz, and Rafael E. Silva Almeyda the payment of reasonable attorneys fees and costs, for their filing of their frivolous motion to disqualify, that was obviously filed for an improper and malicious purpose.

**WHEREFORE**, it is respectfully requested that Honorable Bankruptcy Court **FIND** Plaintiff as well as each of Plaintiffs' counsels  Rafael V. Olivieri Geigel, René Arrilaga Armendariz, and Rafael E. Silva Almeyda, **LIABLE** for sanctions under Fed. R. Bankr. P. 9011, Fed. R. Civ. P. 11, 11 U.S.C. § 707(b)(4)(C) and 28 U.S.C. § 1927, and thereby order the assessment of reasonable attorneys fees and costs against them as per the lodestar method, in view of their unreasonable filing and subsequent

14

refusal to withdraw the *Motion Requesting Immediate Disqualification of Defendant's Legal Representation* (**Dkt. #20**), which was clearly defective as a matter of fact and law. In implementing these sanctions it is requested that the Court **ORDER** Defendant to present affidavits with the amount of hours spent in opposing Plaintiff's Motion and the reasonable hourly rate for each attorney.

I HEREBY CERTIFY: That a true and exact digital copy of the forgoing was sent electronically via the CM/ECF System to: **Wigberto Lugo Mender, esq**. at trustee@lugomender.com and wlugo@ecf.epiqsystems.com; **Rafael V. Olivieri Geigel, esq.** at lawrog@gmail.com, **René Arrilaga Armendariz, esq**. at arrillagalaw@yahoo.com, and **Rafael E. Silva Almeyda, esq**. at silva.almeyda.law@gmail.com.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on December 12, 2011.

LAW OFFICES OF LUIS A. MELÉNDEZ-ALBIZU
Counsel for Defendant
#117 De Diego Ave.,
Urb. San Francisco,
San Juan, P.R. 00927-6310
Tel. (787) 758-1549;
Fax. (787) 751-1052
E-mail: lam@prtc.net
CM/ECF E-Mail: lamelendez@prtc.net
CM/ECF E-Mail: MelendezAlbizuLaw@gmail.com

*/s/Luis A. Meléndez-Albizu, Esq.*
US Dist. Ct of P.R. Bar No. 205703