**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| MANUEL ANTONIO DOMENECH RODRIGUEZ | CASE NO. 10-05835 BKT |
| | CHAPTER 7 |
| Debtor(s) | ADVERSARY NO. 11-168 |
| WIGBERTO LUGO MENDER | |
| Plaintiff | |
| RUTHER E. RODRIGUEZ BORTES | **FILED & ENTERED ON 01/12/2012** |
| Defendant | |

**OPINION AND ORDER**

This proceeding is before the Court upon a Motion Requesting Immediate Disqualification of Defendant's Legal Representation (the "Disqualification Motion") filed by the Chapter 7 Trustee, and Plaintiff to the instant case (the "Trustee"), on November 8, 2011 (Dkt. No. 20). Also before the Court is defendant's, Ruth E. Rodríguez Borges (the "Defendant"), Opposition to Trustee's Motion to Disqualify filed on December 12, 2011 (Dkt. No. 31), the Trustee's Reply to Opposition to Motion to Disqualify (the "Reply") filed on December 13, 2011 (Dkt. No. 33) and Defendant's opposition thereto, filed on December 15, 2011 (Dkt. No. 34). For the reasons set forth below, the Trustee's request for immediate disqualification of Defendant's legal representation is hereby GRANTED.

**I. Procedural background**

Debtor filed his voluntary petition on June 30, 2010, under the provisions of Chapter 7 of the Bankruptcy Code (Dkt. No. 1, Case No. 10-05835). On August 10, 2011, the Trustee commenced the present Adversary Case by filing a complaint against Defendant for collection and turnover of property of the estate (Dkt. No. 1, Adv. No.11-00168). The basis of this purported debt is a liquidation settlement agreement executed by Debtor and Defendant on November 25, 2002, recorded on Public Deed No. 303 ("Liquidación de Gananciales, Adjudicación y

Modificación de Hipoteca") before Notary Public Luis A. Arrufat Pimentel.

The record shows that Counsel Luis A. Meléndez Albizu ("Meléndez Albizu") is Defendant's legal representative in the present Adversary Case (Dkts. No. 10 & 14, Adv. Case No. 11-00168). Meléndez Albizu also represents Defendant in a separate Adversary Proceeding in which Defendant acts on behalf of her minor daughter A.G.D.R. (the "Minor") (Claim 1, Case No. 10-05835; Adv. Case No. 10-00144). In the latter, Meléndez Albizu represents the Defendant who, in turn, represents the Minor's interests in the bankruptcy estate by attempting to collect, enforce and obtain a declaration of non-discharge of a claimed domestic support obligation of $80,700.00 against Debtor's estate1.

The Trustee avers that these two legal representations are in conflict with each other because if the Trustee prevails and obtains a successful outcome in the collection and turnover of property, it would mean an adverse decision for Defendant but would result in recovery of money that will allow for distribution to the estate's creditors, including the Minor. To the contrary, a favorable outcome for Defendant in the collection action would limit the ability of the Minor to collect her domestic support obligation claim from the bankruptcy estate. Therefore, the Trustee seeks the immediate disqualification of Meléndez Albizu as legal representative of both, Defendant and the Minor.

On December 12, 2011, Meléndez Albizu filed an opposition to the Disqualification Motion (Dkt No. 31, Adv. Case No. 11-00168) with the following defenses:

*First*, the Trustee lacks standing to seek Meléndez Albizu's disqualification, as the Trustee is neither a current nor a former client of Meléndez Albizu. As a non-client the Trustee may not seek the disqualification of an attorney.

*Second*, there is no conflict of interest, since Meléndez Albizu only

---

1 On March 29, 2011, an Opinion and Order was entered dismissing the Adversary Case Ruth E. Rodriguez Borges v. Manuel Domenech Rodríguez, et al., Adv. No. 10-00144. On even date, an Order was entered in the main bankruptcy case granting the Debtor's objection to Claim No. 1, and

represents one client (Defendant) with two distinct claims: one hers and the other one acting on behalf of her daughter, the Minor. Given that the Minor is under the legal age, and has no capacity to sue or be sued, the custodial parent (Defendant) is the holder of the domestic support obligation claim, thus, the only client with regards to that claim.

*Third*, even if there were two clients (Defendant and the Minor) there would be no conflict between them, as there is no inherent conflict in representing more than one creditor and, in this case, Meléndez Albizu has consulted and obtained written consent from Defendant to continue with the dual representation.

Also, on December 13, 2011, Meléndez Albizu filed a motion requesting sanctions, attorney fees and costs related to the Disqualification Motion (Dkt. No. 32, Adv. Case No. 11-00168) for its lack of legal and factual merit. In its request for sanctions Meléndez Albizu affirms that he represents both Defendant and the Minor, however, posits that there is no conflict between their interests since:

*First*, the Minor is under the custody of Defendant. Defendant has the right to make and take decisions for her minor daughter.

*Second*, in the Adversary Case No. No. 11-00168 the Trustee seeks to execute a property, residence for Defendant and the Minor, which the state court has determined to be the Minor's homestead ("hogar seguro"). Thus, by trying to avoid eviction Meléndez Albizu acts in furtherance of the Minor's best interests.

*Third*, if Defendant prevails in her defense of the instant Adversary Proceeding, the Minor's interest in collecting her DSO claim will not be prejudiced, as she can still collect from other funds and property in Debtor's estate.

*Fourth*, there is no danger of disclosure of confidential information, since the Minor has no confidences and is under the sole custody of her mother, the Defendant.

---

disallowing Defendant's claim for domestic support obligation, for the reasons stated in the Opinion and Order entered in the adversary proceeding, Adv. No. 10-00144. The dismissal order was appealed by Defendant (Plaintiff in Adv. No. 10-00144), procedure which is still pending.

In his Reply the Trustee essentially points out that when Meléndez Albizu represents Defendant, and in turn she acts on behalf of the Minor in collecting the $80,700.00 domestic support obligation claim from Debtor's estate, he in fact is representing the interests of the Minor. On the other hand, Meléndez Albizu also represents Defendant while attempting to avoid paying the $205,000.00 allegedly owed to Debtor's estate. It's the Trustee's contention that Meléndez Albizu is representing the conflicting interests of both, a creditor and a debtor to the bankruptcy estate.

Finally, in its opposition to the Trustee's Reply, Meléndez Albizu reasserts his previous arguments but emphasizes that he only represents one client, Defendant.

**II. Discussion**

**A. The Trustee's standing to pursue disqualification**

Under the Bankruptcy Code the trustee is the representative of the estate, in charge of administering the case, with capacity to sue and be sued. 11 U.S.C.A. §§ 323, 704. A trustee has the duty to act in the best interest of the bankrupt's estate, to conserve the assets of the estate and to maximize distribution to creditors. In re Rigden, 795 F.2d 727 (9th Cir. 1986). "[H]e owes a fiduciary duty to debtor and creditors alike to act fairly and protect their interests." In re WHET, Inc., 750 F.2d 149 (1st Cir. 1984).

A trustee must draw his authority to assert a particular cause of action from some provision within Title 11 of the United States Code. All claims and causes of action of the debtor are considered property of the debtor's bankruptcy estate under Section 541. 11 U.S.C. § 541; In re Chappel, 189 B.R. 489, 493 (B.A.P. 9th Cir. 1995) ("property of the estate" is broad enough to cover all kinds of property, including tangible or intangible causes of action). As such, a trustee has standing to pursue all causes of action on behalf of a debtor's estate, as successor to the debtor's interests included as property of the estate under Section 541. 11 U.S.C. § 541. Pursuant to Section 541(a)(1), a trustee in bankruptcy takes the debtor's rights subject to all defenses and other burdens to

which such rights were subject immediately prior to the commencement of the bankruptcy case. Sender v. Simon, 84 F.3d 1299, 1305 (10th Cir. 1996) ("When asserting claims under the authority of 11 U.S.C. § 541 . . . the trustee stands in the shoes of the debtor and can take no greater rights than the debtor himself had.").

It's well settled that a party must have standing to bring a suit in representation of the estate. Kagan v. El San Juan Hotel Corp et. al. (In re El San Juan Hotel Corp.), 149 B.R. 263, 271 (D.Puerto Rico 1992). "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies'". Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). The term "standing" incorporates constitutional requirements and prudential considerations. Id. Essentially, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute. Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

At a minimum, Article III requires the party who invokes the court's power to show that (1) he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, (2) that the injury fairly can be traced to the challenged action and 3) it is likely to be redressed by a favorable decision. Valley Forge, 454 U.S. at 472 (internal citations omitted). Generally, the plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. Warth v. Seldin, 422 U.S., at 499. The standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief. Warth v. Seldin, 422 U.S., at 500.

A party has standing to prosecute a suit in the federal courts only if he is the 'real party in interest', as defined under Fed.R.Civ.P. 17(a). U.S. v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969). In turn, a real party

in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. Farrell Cosntr. Co. v. Jefferson Parish, La., 896 F.2d 136, 140 (5th Cir. 1990).

Furthermore, bankruptcy standing is much narrower than constitutional standing. In re Cult Awareness Network, Inc. 151 F.3d 605, 607 (7th Cir. 1998). To have bankruptcy standing, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings and only those persons affected pecuniarily by a bankruptcy order have standing. Id. In this case, the Trustee represents the pecuniary interests of the estate.

With regards to the Disqualification Motion, it's well settled that this type of motion is an accepted and adequate resource for a party to bring a potential conflict of interest to the court's attention. Reyes Cañada v. Rey-Hernandez, 193 F.Supp.2d 409, 411 (D.P.R.2002); Somascan Plaza, Inc. v. Siemens Med. Sys., Inc., 187 F.R.D. 34, 37 (D.P.R.1999) ("motion to disqualify an attorney is an accepted and adequate way for a litigant to bring a potential conflict of interest to the court's attention.").

The Trustee has standing to assert the disqualification of Meléndez Albizu in representation of the estate. After all, said action belongs to the estate as it falls within the "interests of the debtor in property" for purposes of Section 541 and directly and adversely affects the Chapter 7 Debtor's pecuniary interests. Moreover, a favorable decision on this case will have a direct impact on Debtor's estate. As the successor to the debtor in possession and representative of the estate, the Trustee is entitled to pursue whatever legal claims belonged to the estate. As stated above, if the trustee is pursuing claims of the debtor under to Section 541, the trustee stands in the shoes of the debtor.

**B.    Conflict of interest**

The standards for the professional conduct of attorneys in the U.S. District Court for the District of Puerto Rico are the Model Rules of

Professional Conduct adopted by the American Bar Association, as amended. See, Local Rules Dist. P.R. R. 83E. Rule 1.7 of the Model Rules of Professional Conduct, dealing with conflict of interest among current clients, states that:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

MODEL RULES OF PROF'L CONDUCT Rule 1.7(a).

According to Model Rule 1.7(b), disqualification of counsel on grounds of potential conflicting interests in multiple client representation in the same action is not automatic but may depend on whether the clients agree to being so represented after having been informed of all the risks and disadvantages involved. Figueroa-Olmo v. Westinghouse Elec. Corp., 616 F. Supp. 1445, 1451 (D.P.R. 1985)[2]. "However, the right to be represented by a particular attorney is not an unfettered one... [e]ven informed consent may be insufficient to prevent disqualification, if it is not obvious to the court that the attorney will be able to represent all clients adequately… or if the court believes no waiver may cure the damage to the integrity of the judicial process that such joint representation will cause." Id (internal citations omitted). The court may also examine the circumstances surrounding the consent in order to determine if it was truly, voluntary and informed. Figueroa-Olmo, supra citing Dunton v. County of Suffolk, 729 F.2d 903, 908 (2d Cir.1984).

Both actual or potential conflicts in concurrent representations may be disabling. Figueroa-Olmo, 616 F.Supp. at 1451-2. If the simultaneously represented clients' interests are opposed or directly adverse, then

---

[2] "(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless… the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction." MODEL RULES OF PROF'L CONDUCT Rule 1.8(a)(3).

disqualification should be ordered considering it is more important that unethical conduct be prevented than that defendant have an unfettered right to counsel of its choice. Id.

In the situation before us, the conflict arises within the context of an ongoing proceeding in which the parties' rights appear to be in direct conflict. It is quite evident that in representing Defendant in both Adversary Cases, Meléndez Albizu actually represents the contradictory interests of both: Defendant (in attempting to avoid paying the $205,000.00 allegedly owed to Debtor's estate) and the Minor (in attempting to collect from Debtor's estate the amount of $80,700.00 in alleged domestic support obligation). We agree with the Trustee's position that Meléndez Albizu is representing the conflicting interests of both, a creditor and a debtor to the bankruptcy estate.

Meléndez Albizu claims to have cured any potential conflict by obtaining informed consent from the Defendant. Notwithstanding Defendant's alleged consent, the Minor's representation and interest might be materially limited by the conflicting representation of none other than Defendant's own interests. Since the Minor has no capacity to give an informed consent, Meléndez Albizu's attempt at resolution of a conflict of interest is thwarted.

As such, the Court finds that a conflict of interest exists in the representation of Defendant and the Minor by Meléndez Albizu.

SO ORDERED.

San Juan, Puerto Rico, this 12 day of January, 2012.

Brian K. Tester
U.S. Bankruptcy Judge