## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 10-05835 BKT |
| | Chapter 7 |
| MANUEL ANTONIO DOMENECH RODRIGUEZ | |
| | Adversary No. 11-00168 |
| Debtor(s) | |
| WIGBERTO LUGO MENDER, TRUSTEE FOR THE ESTATE OF MANUEL ANTONIO DOMENECH RODRIGUEZ | |
| Plaintiff | |
| vs. | |
| RUTH E RODRIGUEZ BORGES | **FILED & ENTERED ON 11/5/2013** |
| Defendants | |

## OPINION AND ORDER

Before this Court is Plaintiff's Motion Requesting Order to Secure Effectiveness of Judgment [Dkt. No. 61], Defendant's Response in Opposition to Plaintiff's Motion Requesting Order to Secure Effectiveness of Judgment [Dkt. No. 74], and Plaintiff's Reply to Opposition to Plaintiff's Motion Requesting Order to Secure Effectiveness of Judgment [Dkt. No. 78]. For the reasons set forth below, the Plaintiff's Motion Requesting Order to Secure Effectiveness of Judgment is hereby GRANTED.

Manuel A. Domenech Rodríguez ("Debtor") filed before this Court a petition for bankruptcy relief under chapter 7 of the Bankruptcy Code, 11 U.S.C.A. §701, et. seq. On July 1, 2010, Wigberto

Lugo Mender, Esq. ("Trustee") was appointed as the chapter 7 Trustee in Debtor's bankruptcy case. By August 10, 2011, Trustee had filed a complaint requesting the turnover of property of the estate against Ruth E. Rodríguez Borges ("Defendant"). His request was founded on allegations that, as part of the divorce between the Debtor and the Defendant and the liquidation of the legal partnership formerly composed of the same parties, both parties agreed to concede to each other their participation in one of two real properties that formerly belonged to their now defunct legal partnership. With respects to the present case, Defendant agreed to hand over two promissory notes to Debtor, each with a value of one hundred and two thousand five hundred dollars ($102,500.00), as a guarantee of payment of his participation in the property, valued at two hundred and five thousand dollars ($205,000.00). The Trustee states that the Defendant has not yet complied with her obligation to pay said amount. As evidence of the existence of the Defendant's debt and payment obligation, the Trustee has presented Public Deed No. 303, signed before public notary Luis A. Arrufat Pimentel and titled (in Spanish): "Liquidación de Gananciales, Adjudicación y Modificación de Hipoteca". In order to assure the compliance with an eventual judicial order for turnover of the property of the estate by the Defendant, the Trustee has requested the preventive prohibition to transfer, pursuant to Rule 56.4 of the Puerto Rico Rules of Civil Procedure. Also, Trustee argues that this preventive prohibition to transfer must be ordered without the filing of a bond, as allowed by Rule 56.3 of the Puerto Rico Rules of Civil Procedure.

Fed. R. Civ. P. 64(a) establishes that parties involved in an action will have every remedy recognized under state law to seize property to secure satisfaction with a potential judgment. Therefore, any issue of law stemming from a motion seeking attachments, preventive prohibitions to transfer, or any other securement of an eventual judgment will be evaluated under state law. Rule 56 of the Puerto Rico Rules of Civil Procedure establishes the procedures to follow in order to obtain

pre-judgment garnishments, attachments or prohibitions to transfer. The aforementioned rule establishes the general rule requiring a party requiring a provisional remedy to file a bond and to notify the opposing party of the motion presented before the court. Nevertheless, Rule 56 also sets forth exceptions to this general rule. A party is allowed to file a motion for provisional remedies without adequate notice to the opposing party if the moving party may demonstrate with documental evidence: (1) that it had a previous ownership interest in the property, (2) the existence of extraordinary circumstances, or (3) that the debt is liquid, matured, and payable on demand. Rule 56 will also allow for the motion for a provisional remedy without posting a bond when: (1) it appears from public or private documents, as defined by the law and signed before a person legally authorized to administer affidavit, that the debt is payable on demand; (2) when the party is insolvent and the cause of action establishes enough facts to show that there is a cause of action that has a high probability of success; or (3) when the remedy is requested after a judgment has already been issued.

In her opposition, Defendant argues that there are 5 reasons why the preventive prohibition to transfer may not be ordered or, in the alternative, why a bond must be consigned.

First, Defendant avers that the order for preventive prohibition to transfer cannot be granted without the filing of a bond. This Court determines that the public document and the two promissory notes that have been presented as evidence of the agreement between the Debtor and the Defendant meet the requirements set forth in Rule 56.3 of the Puerto Rico Rules of Civil Procedure for the granting of an attachment or a prohibition to transfer without the filing of a bond. At the very least, the two promissory notes are evidence of the existence of a debt that must be paid on demand. The Defendant has not presented evidence against the validity of the two promissory notes and merely stating that the promissory notes are not valid is not evidence enough to establish their invalidity.

Second, Defendant argues that a preventive prohibition to transfer or attachment should not

be granted without notice and hearing. Rule 56.4 states that no order of attachment of prohibition to transfer may be provided, except when the claimant has shown evidence of having a previous ownership interest over the property or has provided convincing documentary evidence of the probability of prevailing showing that the debt is liquid, due, and payable. This Court concludes that the public document presented as evidence by the Plaintiff also demonstrates that the debt is in fact liquid, due, and payable. All facts exhibited in public deeds are presumed to be legally valid and the party that alleges the invalidity of a public deed must present evidence to the contrary. Delgado Rodríguez v. Rivera Siverio, 173 D.P.R. 150 (2008).

Third, Defendant alleges that the property falls within the protection of local homestead laws. However, this Court determines that the Plaintiff is not seizing the property as an attachment but merely preventively assuring that the property is not transferred before the conclusion of the proceedings. Consequently, the protection afforded by local homestead laws is not disrupted merely by a preventive prohibition to transfer.

Lastly, Defendant proffers that the Debtor also owes certain debts to the Defendant, stemming from domestic support obligations. Defendant believes that the existence of these debts entitle her to setoff according to 11 U.S.C. §§ 542(b), 553. This Court determines that Defendant has not presented enough evidence to validate the existence of any debt that would entitle her to setoff or that would prevent the Plaintiff from receiving the provisional remedy requested.

Therefore, this Court finds that the Defendant has not presented admissible and convincing evidence to preclude the Plaintiff from obtaining the relief sought. The documental evidence presented by the Plaintiff, along with the orders from the Court of First Instance, supports this Court's decision to order the provisional remedy requested.

WHEREFORE, IT IS ORDERED that the Motion Requesting Order to Secure Effectiveness

of Judgment shall be, and hereby is, GRANTED.

In San Juan, Puerto Rico this 5th day of November, 2013.

Brian K. Tester
U.S. Bankruptcy Judge